UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK **14 CV 4030**

------------------------------------------------------------x

OSCAR RAMIREZ,  JAVIER GUERRERO,
GERONIMO HERCULANO, PABLO RUTILIO,
MAGGIE ANDRES CRECENCIO, GUILLERMO ALVAREZ,
JUANA CRUZ HERNANDEZ, LEONIDAS MATEO,
ANYELI OVALLES HERNANDEZ, MIRNA REYES
MARTINEZ, RAMON ROSARIO and OMAR TAVERAS

on behalf of themselves,  and those similarly situated,

                     Plaintiffs,        JUDGE NATHAN

v.

M L RESTAURANT, CORP., M.L. SAN JOSE ENTERPRISES, CORP.,
 d/b/a LIBERATO RESTAURANT, ANTONIO MANUEL LIBERATO,
NELSON GOMEZ, LUCY GOMEZ and NANA (LNU)
jointly and severally,

                     Defendants.

------------------------------------------------------------x

**No.:**

<u>PLAINTIFFS'</u>
<u>CLASS ACTION</u>
<u>COMPLAINT</u>

RECEIVED
JUN 0 4 2014
U.S.D.C. S.D. N.Y.

        Plaintiffs, Oscar Ramirez, Javier Guerrero, Geronimo Herculano, Pablo

Rutilio, Maggie Andres Crecencio, Guillermo Alvarez, Juana Cruz Hernandez, Leonidas

Mateo, Anyeli Ovalles Hernandez, Mirna Reyes Martinez, Ramon Rosario and Omar

Taveras, individually, and upon personal knowledge as to themselves and upon

information and belief as to other matters, allege as follows:

<u>NATURE OF THE ACTION</u>

    1.   This lawsuit seeks to recover unpaid minimum wages, unpaid overtime,

unlawfully withheld tips, and statutory penalties for notice-and-recordkeeping violations

for plaintiffs and all others similarly situated.   These named plaintiffs are hourly

employees who have worked at defendants' restaurants, corporately owned as M L

Restaurant, Corp., M.L. San Jose Enterprises, Corp., d/b/a Liberato Restaurant, with

establishments at One West 183rd Street, (183rd Street) and 10 West Burnside Avenue, (Burnside Ave.)10453, County of the Bronx, State of New York (hereinafter "Liberato"). They have been supervised by defendants Nelson Gomez, Lucy Gomez and a woman nicknamed NANA whose full name is unknown to plaintiffs.

2.      Defendants have deprived plaintiffs and their co-workers of minimum wages and overtime pay since at least on or about June 4, 2011, in violation of the Fair Labor Standards Act ("FLSA").

3.      Defendants have deprived plaintiffs of minimum wages and overtime pay since at least on or about June 4, 2008, in violation of the New York Labor Law ("NYLL").

4.      Defendants have unlawfully taken the tip credit allowance available under 29 U.S.C. 203 (m) and 12 N.Y.C.R.R. § 137.15 and paid plaintiffs below the minimum wage. Defendants were ineligible to receive such tip credit for their failure to provide notice and keep accurate records as required by federal and state law, and for designating certain persons as tipped employees when they did not meet the definition of tipped employees. Further, defendants unlawfully require persons designated as tipped workers to participate in a tip pool in which tips were unlawfully withheld as described below. In addition, when defendants purported to take the tip credit, they failed to pay the applicable minimum wage under federal and state law.

5.      Defendants have unlawfully withheld tips from plaintiffs in violation of FLSA and NYLL. Specifically, upon information and belief, plaintiffs were required to pool their tips, where defendants unlawfully exercised control over the pooled tips, and portions of tips were unlawfully retained by defendants on a regular basis to offset

business losses and to offset defendants' minimum wage obligations to workers, through unlawful application of the tip credit. These unlawful deductions have occurred since at least on or about June 4, 2011 in violation of 29 U.S.C. §201 *et seq.* and 29 C.F.R. § 531.35; and since at least on or about June 4, 2008 in violation of NYLL §§193, 196(d) & 198(b) and 12 N.Y. Comp. Code R. & Regs. §146 *et seq*.

6.     Defendants have violated notice-and-recordkeeping requirements by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL §195(3).

7.     Defendants have violated notice-and-recordkeeping requirements by failing to provide employees with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

8.     In addition, defendants have required that plaintiffs sign pay records stating inaccurate wages and tips in excess of wages and tips received. When plaintiffs objected, they were threatened with retaliatory firing if they did not sign.

9.     Plaintiffs brings this action on behalf of themselves and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§201 *et seq.* of the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

10. Plaintiffs also bring this action on behalf of themselves and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) to remedy violations of Article 6, §§190 *et seq*., and Article 19 §§650 *et seq*. of the NYLL and the supporting New York State Department of Labor regulations.

11. Plaintiffs also bring several individual claims for retaliatory discharge, pregnancy discrimination and sexual harassment against individual defendants.

## JURISDICTION AND VENUE

12. Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

13. As stated below Liberato is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

14. Upon information and belief, Liberato is subject to personal jurisdiction in the State of New York since it is located in Bronx County, State of New York.

15. Venue is proper in this District because Liberato conducts business in this Judicial District, and the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### DEFENDANTS

16.     Defendants M L Restaurant, Corp., and M.L. San Jose Enterprises, Corp., are New York Corporations doing business as Liberato Restaurant with two locations in the Bronx, New York.

17.     Defendant Antonio Manuel Liberato, on information and belief is a resident of Bronx County New York, Defendant Antonio Manuel Liberato at all times relevant to this complaint has been the owner and manager of M L Restaurant, Corp., M.L. San Jose Enterprises, Corp., d/b/a Liberato Restaurant d/b/a/at 183rd Street and Burnside Ave.

18.     Defendant Nelson Gomez on information and belief is a resident of Bronx New York.  At all times relevant to this complaint, Nelson Gomez has been a manager at 183rd Street with supervisory control over the plaintiffs.

19.     Defendant Lucy Gomez is a bookkeeper/manager for defendant Liberato who at all times relevant to this complaint handles the pay of plaintiffs at Liberato at the 183rd and Burnside Ave. locations.

20.     Defendant with the nickname of NaNa whose full name is unknown is a manager at Liberato on 183rd Street.

21.     Each defendant jointly and severally employed and supervised plaintiffs at all times relevant to this complaint at one or more of their restaurant locations.  Each defendant has had, individually and jointly, substantial control over plaintiffs' wages, hours and working conditions.

22.     Reference to defendants throughout this complaint is to all named defendants, and some John Doe managers unless a particular defendant is specifically named.

23.     Defendants are part of a single integrated enterprise that jointly employed plaintiffs at all times relevant to this complaint, as the defendants are engaged in activities performed for a common business purpose as defined by FLSA, 29 U.S.C. § 203(r).

24.     Upon information and belief, based on information provided by plaintiffs, employees of defendants, Liberato is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Liberato is a popular restaurant with two thriving, high-volume locations in the Bronx. It has established itself in the Bronx for approximately ten years.  Furthermore, the Restaurants are open eighteen (18) hours a day, seven (7) days a week, and each employ over twenty (20) workers.  As such, based on plaintiffs' personal knowledge of defendants' business, as well as upon information and belief, defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

25.     Upon information and belief, as well as first-hand knowledge of plaintiffs, employees of defendants, Liberato regularly conducted interstate business.  Specifically, Liberato has regularly accepted credit card payments debiting funds from out-of-state bank accounts.  In addition, many of the staples served at the restaurant include products grown in states with tropical climates.

26.     Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

27.     Upon information and belief, defendants have had control over all employment practices at the Restaurants, including wages, scheduling and the hiring and firing of employees.

**PLAINTIFFS**
**Common Allegations**

28.   For all of the named plaintiffs whose individual factual allegations are stated below, (and except those specifically noted) the following common facts apply to each of the named plaintiffs, as well as all those similarly situated:

- At all times relevant, defendants failed to provide plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

- At all times relevant, defendants failed to provide plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

- Except for Pablo Rutilio and Geronimo Herculano in the period from January 1, 2013 to December 30, 2013, at all times relevant, defendants have failed to pay plaintiffs in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

- At all times relevant, defendants failed to pay plaintiffs at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

- At all times relevant, defendants required plaintiffs to sign inaccurate payroll records, showing payment of wages and/or tips in excess of those actually received, and suggesting compliance with minimum wage requirements, or face retaliatory firing.

- On information and belief, until several years ago plaintiffs were not required to sign anything to receive their wage envelops. Beginning about two years ago defendants required plaintiffs to sign a document to receive their pay envelops.   In late 2013 or early 2014 defendants, and in particular defendant Lucy Gomez required plaintiffs to sign a document which falsely stated that they received an amount higher than was in their pay envelops.

- At all times relevant, defendants failed to provide plaintiffs with adequate meal breaks in violation of NYLL §§162 *et seq.*

29.     Defendants treated named plaintiffs Maggie Andres Crecencio, Guillermo Alvarez, Juana Cruz Hernandez, Leonidas Mateo, Anyeli Ovalles Hernandez, Mirna Reyes Martinez, Ramon Rosario andOmar Taveras as "tipped employees" to avoid paying the regular minimum wage. However:

- At all times relevant, defendants failed to notify these plaintiffs of defendants' intention to take a tip credit against their minimum wage obligations as required by 12 NYCRR 146-1.3 and 29 U.S.C. § 203(m).

- At all times relevant, defendants failed to keep records of tip pool monies as required by NYCRR § 146-2.17 for defendants' eligibility to take the tip credit.

- At all times relevant, defendants required plaintiffs to give all tips to a manager for placement into a tip pool, a portion of which tips defendants unlawfully retained to offset business losses when customers failed to pay their bills, and to offset their minimum wage obligations to non-tipped and

dual-job employees, in violation of 29 U.S.C.A. § 203(m) and NYLL § 196–d.

- At all times relevant, food service workers who work in a non-tipped occupation (a) for two hours or more, or (b) for more than twenty percent (20%) of his or her shift, were therefore ineligible for the tip credit were included in the tip pool in violation of 12 NYCRR 146-2.9; N.Y. Lab. Law § 196–d.

- At all times relevant, defendants, by violating these provisions of law, were illegally taking the tip credit allowance under 29 USC 203 (m), 29 CFR 531.59, and 12 NYCRR 137-1.5.

- Even if defendants were entitled to pay a reduced minimum wage by applying the tip credit allowance, defendants have failed to pay plaintiffs (except Guillermo Alvarez), the reduced minimum cash wage in violation of FLSA, 29 U.S.C. § 206 NYLL § 652, NYCRR § 137-1.5.

### Individual Factual Allegations

**Oscar Ramirez**

30.    Oscar Ramirez is an adult individual who is a resident of Bronx County, State of New York.

31.    Ramirez was employed as a dishwasher and kitchen cleaner by defendants from on or about March 15, 2006 to on or about December 15, 2013 at Liberato's 183rd Street location.

32.    As a dishwasher and cleaner for Liberato, Ramirez was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

33.     Ramirez regularly worked ten (10) hours a day, six (6) or seven (7) days per week, and was paid in cash at the end of each week.

34.     From on or about May 1, 2008 to on or about November 5, 2012, Ramirez was paid an hourly rate of $6.00, receiving $360 for sixty (60) hours, and $420 for seventy (70) hours per week.

35.     From on or about November 6, 2012 to on or about December 15, 2013, Ramirez was paid at an hourly rate of $7.00, receiving $420 for sixty (60) hours, and $490 for seventy (70) hours per week.

36.     On or about December 15, 2013 Ramirez was fired shortly after he raised concerns about the legality of his low wages with his manager Nelson Gomez.

**Javier Guererro**

37.     Javier Guerrero is an adult individual who is a resident of Bronx County, State of New York.

38.     Guerrero was employed as a prep cook and fryer operator by defendants in two periods at the 183rd Street location: from on or about mid-2006 to on or about November 18, 2013; and from on or about February 17, 2014 to the present.

39.     As a prep cook and fryer operator for Liberato, Guerrero was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

40.     At all times relevant Guerrero regularly worked ten (10) hours a day, five (5) to seven (7) days per week, and was paid in cash at the end of each week.

41.     At all times relevant Guererro was paid at an hourly rate of $7.00, receiving $350 for fifty (50) hours, $420 for sixty (60) hours, and $490 for seventy (70) hours worked per week.

**Geronimo Herculano**

42.     Geronimo Herculano is an adult individual who is a resident of Bronx County, State of New York.

43.     Herculano was employed as a fryer operator and rice cook by defendants from 2007 to the present at the Burnside location.

44.     As a fryer operator and rice cook for Liberato, Herculano is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

45.     Herculano regularly worked nine-and-one-half (9.5) hours a day, six (6) or seven (7) days per week, and was paid in cash at the end of each week.

46.     From on or about June 4, 2008 to on or about July 23, 2009 Herculano was paid at an hourly rate of approximately $6.31, receiving $360 for fifty-seven (57) hours worked and $420 for sixty-six-and-one-half (66.5) hours worked per week.

47.     From on or about July 24, 2009 to on or about December 31, 2012, Herculano was paid at an hourly rate of approximately $7.20, receiving $410 for fifty-seven (57) hours worked and $480 for sixty-six-and-one-half (66.5) hours worked per week.

48.     From on or about January 1, 2013 to the present Herculano was paid at an hourly rate of $7.89, receiving $450 for fifty-seven (57) hours worked and $525 for sixty-six-and-one-half (66.5) hours worked per week.

**Pablo Rutilio**

49.    Pablo Rutilio is an adult individual who is a resident of Bronx County, State of New York.

50.    Rutilio was employed as a cook by defendants from 2004 until on or about April 16, 2014 at the 183rd Street location.

51.    As a cook for Liberato, Rutilio is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

52.    Rutilio regularly worked ten hours a day, six or seven days per week, and was paid in cash at the end of each week.

53.    From on or about June 3, 2008 to on or about April 16, 2014 Rutilio was paid at an hourly rate of approximately $9.16, receiving $550 for six (6) days and  $641 for seven (7) days per week.

54.    On or about April 16, 2014 Rutilio was fired shortly after he asked for a reduction in his hours and questioned management about the difference between his pay and the record he signed.

**Maggie Andres Crecencio**

55.    Maggie Andres Crecencio is an adult individual who is a resident of Bronx County, State of New York.

56.    Andres Crecencio was employed by defendants at the 183rd Street location as a waitress, in the delivery section taking phone orders from customers, and as a food preparation worker from on or about July 28, 2009 to the present.

57.     In these positions Andres Crecencio is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

58.     Andres Crecencio regularly worked nine (9) hours a day, five (5) to six (6) days per week, and was paid in cash at the end of each week. In addition to weekly wages, she received a share of tips from the tip pool, paid daily.

59.     From on or about July 28, 2009 to December 31, 2011, Andres Crecencio was paid an hourly rate of $3.89 plus tips, receiving $210 in wages for fifty-four (54) hours worked per week.

60.     From on or about January 1, 2012 to January 31, 2014, Andres Crecencio was paid at an hourly rate of $4.44, receiving $240 in wages for fifty-four (54) hours worked per week.

61.     From on or about February 1, 2014 to the present, Andres Crecencio was paid at an hourly rate of $4.67, receiving $210 in wages for forty-five (45) hours worked per week.

62.     For not less than two (2) hours a day, two (2) days a week, Andres Crecencio worked off the service floor preparing food in the basement. On these days she was included in the tip pool.

**Guillermo Alvarez**

63.     Guillermo Alvarez is an adult individual who is a resident of New York County, State of New York.

64.     Alvarez was employed as a host, bartender, and general laborer by defendants from on or about July 1, 2011 to on or about July 8, 2013 at the 183rd Street location.

65.     As a host, bartender, and general laborer for Liberato, Alvarez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

66.     Alvarez regularly worked ten (10) hours a day, six (6) days per week, and was paid in cash at the end of each week. In addition to weekly wages, he received a set $10 in tips from the tip pool, paid daily.

67.     From on or about July 28, 2009 to December 31, 2011, Alvarez was paid at an hourly rate of $6.00, receiving $360 in wages for sixty (60) hours worked per week.

68.     On or about July 8, 2013 Alvarez was fired shortly after he raised concerns about his wages with management and received retaliatory work assignments.

**Juana Cruz Hernandez**

69.     Juana Cruz Hernandez is an adult individual who is a resident of Bronx County, State of New York.

70.     Cruz Hernandez was employed as a counterperson and food preparation worker by defendants from on or about September 25, 2012 to the present at the 183rd Street location.

71.     As a counterperson and food preparation worker for Liberato, Cruz Hernandez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

72.     Cruz Hernandez regularly worked nine (9) hours a day, five (5) or six (6) days a week, and was paid in cash at the end of each week. In addition to weekly wages, she received a share of tips from the tip pool, paid daily.

73.     From on or about September 24, 2012 to the present, Cruz Hernandez was paid at an hourly rate of approximately $3.85, receiving $210 in wages for fifty-hour (54) hours worked and  $240 in wages for sixty-three (63) hours worked per week.

74.     For not less than two (2) hours a day, two (2) days a week, Cruz Hernandez worked off the service floor preparing food in the basement. On these days she was included in the tip pool.

75.     Juana Cruz Hernandez was also subjected to sexual harassment by defendant Nelson Gomez.   Defendant Nelson Gomez on many occasions in front of plaintiff has made lewd comments about women and women's bodies in her presence and leered at women customers in a sexual way.  Although other female workers viewed this behavior, on one recent occasion defendant Nelson Gomez deliberately hit plaintiff in her breast and left a mark.

**Leonidas Mateo**

76.     Leonidas Mateo is an adult individual who is a resident of Bronx County, State of New York.

77.     Mateo was employed as a counterperson, bartender and waitress by defendants at the 183rd Street location in two periods: from on or about August 2007 to on or about December 10, 2011; and from on or about June 1, 2012 to on or about September 15, 2013 when she was fired on the basis of her pregnancy. That is, she was

told because she was pregnant the customers did not want her there because she did not look good.

78.     As a counterperson, bartender and waitress for Liberato, Mateo is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

79.     Mateo regularly worked between nine (9) and ten (10) hours a day, and was paid in cash at the end of each week. In addition to weekly wages, she received a share of tips from the tip pool, paid daily.

80.     From on or about June 4, 2008 to on or about December 10, 2011 Mateo regularly worked fifty-four (54) hours per week, and was paid at an hourly rate of $4.44, receiving $240 in wages per week.

81.     From on or about June 1, 2012 to on or about October 31, 2012, Mateo regularly worked fifty-seven (57) hours per week, and was paid at an hourly rate of $4.21, receiving $240 in wages per week.

82.     From on or about November 1, 2012 to on or about September 15, 2013, Mateo regularly worked sixty (60) hours per week, and was paid at an hourly rate of $4.67, receiving $280 in wages per week.

**Anyeli Ovalles Hernandez**

83.     Anyeli Ovalles Hernandez is an adult individual who is a resident of Bronx County, State of New York.

84.     Ovalles Hernandez was employed as a counterperson, phone order taker, delivery packer, and food preparation worker from on or about January 7, 2012 to the present at the 183rd Street location.

85.     In these positions Ovalles Hernandez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

86.     Ovalles Hernandez regularly worked nine (9) hours a day, six (6) days a week and was paid a wage of $4.44, receiving $240 in wages, for fifty-four (54) hours worked, at the end of each week. In addition to weekly wages, she received a share of tips from the tip pool, paid daily.

87.     For not less than two (2) hours a day, two (2) days a week, Ovalles Hernandez worked off the service floor preparing food in the basement. On these days she was included in the tip pool.

**Mirna Reyes Martinez**

88.     Mirna Reyes Martinez is an adult individual who is a resident of Bronx County, State of New York.

89.     Reyes Martinez was employed as waitress by defendants at both the 183rd Street and the Burnside location in two periods: from on or about mid-2007 to on or about September 30, 2008; and from on or about January 19, 2011 to on or about May 3, 2014.

90.     As a waitress for Liberato, Reyes Martinez is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

91.     Reyes Martinez regularly worked between nine (9) and ten (10) hours a day, six days (6) per week. In addition to weekly wages, she received a share of tips from the tip pool, paid daily.

17

92.     From on or about June 3, 2008 to on or about November 11, 2008 Reyes Martinez regularly worked sixty (60) hours per week and was paid at an hourly rate of $4.00, receiving $240 in wages per week.

93.     From on or about January 19, 2011 to on or about May 4, 2014 Reyes Martinez regularly worked fifty-four (54) hours per week and was paid at an hourly rate of $4.44, receiving $240 in wages per week.

**Ramon Rosario**

94.     Ramon Rosario is an adult individual who is a resident of Bronx County, State of New York.

95.     Rosario was employed as counterperson and food preparation worker by defendants from on or about May 10, 2011 to on or about October 10, 2013 at the Burnside location.

96.     As a counterperson and food preparation worker for Liberato, Rosario is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

97.     Rosario regularly worked nine (9) hours a day, six (6) days a week. In addition to weekly wages, he received a share of tips from the tip pool, paid daily.

98.     From on or about May 10, 2011 to on or about December 31, 2011 Ramon regularly worked fifty-four (54) hours per week and was paid at an hourly rate of $3.89, receiving $210 in wages per week.

99.     From on or about January 1, 2012 to on or about October 10, 2013 Ramon regularly worked fifty-four (54) hours per week and was paid at an hourly rate of $4.44, receiving $240 in wages per week.

100.   For not less than two (2) hours a day, two (2) days a week, Rosario worked off the service floor preparing food in the basement. On these days he was included in the tip pool.

**Omar Taveras**

101.   Omar Taveras is an adult individual who is a resident of Bronx County, State of New York.

102.   Taveras was employed as counterperson and food preparation worker by defendants from on or about June 3, 2008 to on our about December 22, 2012 at both the 183rd Street and the Burnside location.

103.   As a counterperson and food preparation worker for Liberato, Taveras is a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

104.   Taveras regularly worked ten (10) hours a day, six (6) days per week. In addition to weekly wages, he received a share of tips from the tip pool, paid daily.

105.   Taveras regularly worked sixty (60) hours per week and was paid an hourly rate of $4.00, receiving $240 in wages per week.

## FLSA COLLECTIVE ACTION ALLEGATIONS

106.   Plaintiffs bring their first, second, and seventh claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by defendants at Liberato between on or about June 2, 2011 and the date of final judgment in this matter that elect to opt in to this action. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

107.   Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

108.   At all times relevant to this complaint, and upon information and belief, plaintiffs and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had substantially similar compensation provisions.  Thus, the claims of plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

109.  All plaintiffs and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

110.  All plaintiffs and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

111.  All plaintiffs who are tipped employees and the FLSA Collective Plaintiffs who are tipped employees have been subject to defendants'policies regarding tips described in this complaint, in violation of FLSA, 29 U.S.C. § 203(m) and NYLL.

112.  For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from defendants' records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

## RULE 23 CLASS ALLEGATIONS

113.   Plaintiffs bring their third, fourth, fifth, sixth and eighth claims for relief pursuant to Rule 23 of the Fed. R. Civ. P., on behalf of all hourly workers employed by

defendants at Liberato Restaurant between the limitation period and the date of final judgment in this matter.

114.    All such persons shall hereinafter be referred to as the "Class." The Class members are readily ascertainable since the identity, addresses, time records, work schedules, positions and rates of pay for each Class member are determinable from the defendants' records that were required to have been kept under FLSA and NYLL. Notice can be provided pursuant to Rule 23 of the Fed. R. Civ. P.

115.    Joinder of all Class members is impracticable since, upon information and belief, there are more Class members. The exact number of Class members is presently unknown to plaintiffs since all facts and records necessary for precise calculation are in the sole possession and control of the defendants. Because of the foregoing, it will benefit the parties to address their claims as a Class.

116.    The plaintiffs' claims are typical of those claims which could be alleged by any member of the Class. The relief sought by plaintiffs is typical of the relief which would be sought by each member of the Class in separate actions. All Class members were subject to the same policies and practices alleged herein including defendants' failure to pay minimum wages, failure to pay overtime, and failure to provide wage statements and notices, as well as defendants taking of unlawful deductions through retention of portions of plaintiffs' tips. The aforesaid policies and practices of defendants similarly affect all Class members. Plaintiffs and Class members have sustained similar injuries and damages as a result of defendants' unlawful acts and/or omissions.

117.    Plaintiffs are fit to fairly and competently represent and protect the interests of the Class.  For the purposes of this action, plaintiffs have no interests that

conflict with those of the Class. Plaintiffs' attorneys have considerable experience in the field of employment litigation as well as class action litigation.

118.    Disposition of plaintiffs' claims as a class action is superior to any other available means of adjudication for the foregoing reasons:

- Class members are low-wage workers who individually lack the necessary resources to effectively litigate against a corporate defendant;

- A class action is in the interests of judicial economy as individual litigation would result in the expenditure of considerable public resources;

- Injuries suffered by each Class member individually are small in comparison to the cost of individual litigation, dissuading and precluding redress of their claims;

- The claims shared by Class members involve important public policy interests that would otherwise go unaddressed due to aforesaid barriers to and limitations of individual litigation, and;

- A class action will provide anonymity for those Class members whose fear of retaliation would otherwise dissuade them from asserting their rights. Upon information and belief, some Class members are still employed by defendants.

119.    Questions of law and fact are common to all Class members and predominate over those of any individual Class member, including:

- Whether plaintiffs and Class members were paid minimum wages;

- Whether plaintiffs and Class members were paid the required overtime rate of one and one half times their hourly rate for all hours worked in excess of (40) per workweek;

- Whether defendants complied with the record-keeping requirements of NYLL;

- Whether defendants complied with the requirements for taking tip credits;

- Whether defendants included ineligible workers in the tip pool;

- Whether defendants unlawfully retained tips to cover business losses, or otherwise unlawfully appropriated plaintiffs' tips;

- Whether defendants had any method to keep track of the hours plaintiffs and Class members worked;

- Whether plaintiffs were afforded the required break time required under NYLL.

## **CLASSWIDE FACTUAL ALLEGATIONS**

120.   Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully.

121.   Defendants knew that the nonpayment of overtime would economically injure plaintiffs and violate federal and New York State laws.

122.   Plaintiffs and Class members regularly worked in excess of forty (40) hours per workweek.

123.   Defendants unlawfully failed to pay plaintiffs in accordance with minimum wage requirements of federal and state law.

124.   Defendants failed to provide plaintiffs and Class members with a statement with each payment of wages as required by §195 *et seq.* of the NYLL.

125.   Defendants unlawfully failed to pay plaintiffs and Class members at the overtime rate as provided by FLSA for all hours in excess of forty (40) in a workweek.

126.   Defendants violated NYLL § 195(3) by failing to furnish plaintiffs with a statement with every payment of wages, listing gross wages, deductions and net wages. In addition, defendants failed to furnish an explanation of how such wages were computed when plaintiffs requested such an explanation.

127.   Defendants violated NYLL § 195(1) by failing to provide plaintiffs with a yearly notice which includes rates of pay including straight time and overtime; how and when plaintiffs are paid; the official name of plaintiffs' employer and any other names used for business; the address and telephone number of the employer's main office or principal location; and allowances taken as part of the minimum wage, such as tip deductions.

128.   Defendants violated 12 NYCRR §146-2.9 by taking the tip credit against the minimum wage of ineligible workers.

129.   Defendants violated N.Y. Lab. Law § 196–d, illegally retaining portions of plaintiffs' nightly tips, by including nontipped employees in the restaurant tip pool and directly appropriating plaintiffs' tips to cover business losses incurred through customer nonpayment.

130.   Defendants committed the foregoing acts against the plaintiff, FLSA Collective Plaintiffs and members of the Class.

## FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

131.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

132.    At all times relevant, each defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

133.    At all times relevant, defendants employed plaintiffs and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

134.    Defendants were required to pay plaintiffs and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

135.    Upon information and belief, defendants knowingly failed to pay plaintiffs and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

136.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

137.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

138.    Throughout the period covered by the applicable statute of limitations and upon information and belief, plaintiffs and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

139.    At all times relevant, and upon information and belief, defendants have repeatedly and willfully failed to pay the named plaintiffs and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

140.    Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek and are entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.*, Brought by Plaintiffs on Behalf of Themselves and the Class)**

141.    Plaintiffs, on behalf of themselves and those similarly situated, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

142.    Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants knowingly paid plaintiffs less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

143.    Defendants did not pay the minimum wage for all hours worked by plaintiffs.

144.    Upon information and belief, defendants' failure to pay plaintiffs the minimum wage was willful within the meaning of the NYLL.

145.    Plaintiffs seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre-  and post-judgment interest along with such other relief as this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.*,
Brought by Plaintiffs on Behalf of Themselves and the Class)**

146.    Plaintiffs, on behalf of themselves and those similarly situated, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

147.    Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants willfully and repeatedly failed to pay plaintiffs at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

148.    Plaintiffs seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

149.    Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

### FIFTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiffs on Behalf of Themselves and the Class)**

150.   Plaintiffs, on behalf of themselves and those similarly situated, repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

151. Defendants have failed to provide plaintiffs with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

152. Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## SIXTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiffs on Behalf of Themselves and the Class)**

153.   Plaintiffs, on behalf of themselves and those similarly situated, repeat reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

154.   Defendants have failed to provide plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

155.   Plaintiffs have been damaged in an amount as yet determined, plus liquidated damages.

## SEVENTH CLAIM FOR RELIEF

**(FLSA Unlawful Tip Retention, 29 U.S.C. § 203(m) and 29 CFR 531.59, Brought by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)**

156.   Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

157.   Throughout the period covered by the applicable statute of limitations, defendants unlawfully treated workers it considered tipped workers in the various ways described in the complaint. Defendants also manipulated a "tip pool" which was legally defective in the manners as described in this complaint. Under the circumstances, defendants are not allowed to have taken any "tip credit" from any workers.

158.   Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, have been damaged in an amount as yet determined, plus liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF

### (Unlawful Deductions, NYLL §§ 193 & 196(d), Brought by Plaintiffs on Behalf of Themselves and the Class)

159.   Plaintiffs, on behalf of themselves and those similarly situated, repeat, reiterate and incorporate each and every preceding paragraph as if set forth fully herein.

160.   Throughout the period covered by the applicable statute of limitations, defendants unlawfully treated workers it considered tipped workers in the various ways described in the complaint. Defendants also manipulated a "tip pool" which was legally defective in the manners as described in this complaint. Under the circumstances, defendants are not allowed to have taken any "tip credit" from any workers.

161.   Plaintiffs and others similarly situated have been damaged in an amount as yet determined, plus liquidated damages.

## PLAINTIFFS' INDIVIDUAL ALLEGATIONS

## NINTH CLAIM FOR RELIEF

**(FLSA Prohibition of Retaliation 29 U.S.C. § 215(a)(3),
Brought by Plaintiffs Ramirez, Alvarez, and Rutilio on
Behalf of Themselves)**

162.   Plaintiffs, on behalf of themselves, repeat, reiterate and incorporate each and every preceding paragraph as if set forth fully herein.

163.   During the period covered by the applicable statute of limitations, defendants retaliated against plaintiffs Ramirez, Alvarez, and Rutilio for complaining about the FLSA violations and being required to sign documents which attempted to cover up such violations.

164.   As a result of this retaliation, these plaintiffs were terminated and seek their damages, as well as penalties for retaliation allowed under the FLSA and NYLL.

## TENTH CLAIM FOR RELIEF

**(New York State Human Rights Law § 296(1)(a):
Unlawful Discriminatory Practices Brought by
Plaintiff Mateo on Behalf of Herself)**

165. Plaintiff Mateo repeats and realleges all the allegations contained in paragraph 77 above.

166. Based on those allegations, all defendants discriminated against and terminated plaintiff Mateo on account of her pregnancy, in violation of New York State Human Rights Law. N.Y. EXEC. LAW § 296(1)(a).

167. Due to defendants' violation of the New York State Human Rights Law, plaintiff Mateo is entitled to recover from defendants damages in a sum to be determined by a jury.

## ELEVENTH CLAIM FOR RELIEF

**(New York City Human Rights Law § 8-107(1)(a) and**
**(19): Unlawful Discriminatory Practices Brought by**
**Plaintiff Mateo on Behalf of Herself)**

168. Plaintiff Mateo repeats and realleges all the allegations contained in paragraphs 77 above and the tenth cause of action.

169. Defendants' act of terminating Mateo based on her pregnancy violated the New York City Human Rights Law. N.Y.C. ADMIN. CODE § 8-107(1)(a).

170. Due to defendants' violation of the New York City Human Rights Law, plaintiff Mateo is entitled to recover from defendants damages in a sum to be determined by a jury.

## TWELFTH CLAIM FOR RELIEF

**(New York State Human Rights Law § 296(1)(a):**
**Unlawful Discriminatory Practices Brought by**
**Plaintiff Juana Cruz Hernandez on Behalf of Herself)**

171. Plaintiff Cruz Hernandez repeats and realleges all the allegations contained in paragraphs 75 above.

172. Based on those allegations, defendant Nelson Gomez sexually harassed plaintiff Cruz Hernandez, in violation of New York State Human Rights Law. N.Y. EXEC. LAW § 296 (1)(a).

173. Due to defendants' violation of the New York State Human Rights Law, plaintiff Mateo is entitled to recover from defendants damages in a sum to be determined by a jury.

## THIRTEENTH CLAIM FOR RELIEF

**(New York City Human Rights Law § 8-107(1)(a) and**
**(19): Unlawful Discriminatory Practices Brought by**
**Plaintiff Juana Cruz Hernandez on Behalf of Herself)**

174. Plaintiff Cruz Hernandez repeats and realleges all the allegations contained in paragraphs 75 above and the twelfth cause of action.

175. The acts described constitute sexual harassment of plaintiff Cruz Hernandez in violation of the New York City Human Rights Law. N.Y.C. ADMIN. CODE § 8-107(1)(a).

176. Due to defendants' violation of the New York City Human Rights Law, plaintiff Mateo is entitled to recover from defendants damages in a sum to be determined by a jury.

## RELIEF SOUGHT

**WHEREFORE**, plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, request relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of plaintiffs as representatives of the FLSA Collective Plaintiffs;

C. Designation of this action as a class action pursuant to Rule 23 of the Fed. R. Civ. P. for the purposes of the claims brought on behalf of Class members;

D. An order declaring that defendants violated the FLSA in the manners stated in this complaint;

E. An order declaring that defendants' violations of the FLSA were willful;

F. An order declaring that defendants violated the NYLL in the manners stated in this complaint;

G. An order declaring that defendants' violations of the NYLL were willful;

H. An award of overtime compensation under the FLSA and NYLL;

I. An award of minimum wage compensation under the FLSA and NYLL;

J. A declaration that, based on violations of law, defendants were not entitled to the "tip credit" and an award of withheld tip compensation pursuant to the FLSA and NYLL;

K. An order reinstating plaintiffs Ramirez, Alvarez and Rutilio to the positions held prior to their retaliatory termination;

L. An award of $10,000 each in liquidated damages to plaintiffs Ramirez, Alvarez and Rutilio for the retaliatory acts of defendants pursuant to NYLL §215;

M. An order enjoining any further threats or retaliatory acts towards plaintiffs and/or other current and former Liberato employees.

N. An award of all damages recoverable under New York State Human Rights Law for plaintiff Mateo.

O. An award of all damages recoverable under New York City Human Rights Law for plaintiff Mateo.

P. An award of all damages recoverable under the New York State Human Rights Law for plaintiff Juana Cruz Hernandez.

Q. An award of all damages recoverable under the New York City Human Rights Law for plaintiff Juana Cruz Hernandez.

R. An award of liquidated damages pursuant to the FLSA;

S. An award of damages for violations of NYLL;

T. All penalties available under the applicable laws;

U. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable

statutes;

V. Interest as provided by law; and

W. Such other relief as this Court deems just and proper.


### JURY TRIAL

Plaintiffs demand a jury trial for all causes of action and claims for which they have a

right to a jury trial.

Dated: New York, New York
      June 4, 2014

                    Respectfully submitted,

                    LAW OFFICES OF JEANNE E. MIRER, P.L.L.C.


                    By: Jeanne E. Mirer
                    Attorney for Plaintiff
                    1700 Broadway, 21st floor
                    New York, NY 10019
                    (212) 231-2235
                    Jeanne@jmirerlaw.com