UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

OSCAR RAMIREZ, JAVIER GUERRERO,                    Case No. 14-cv-4030 (AJN)
GERONIMO HERCULANO, PABLO RUTILIO,
MAGGIE ANDRES CRECENCIO, GUILLERMO ALVAREZ,
JUANA CRUZ HERNANDEZ, LEONIDAS MATEO,
ANYELI OVALLES HERNANDEZ, MIRNA REYES
MARTINEZ, RAMON ROSARIO, OMAR TAVERAS, and        **ANSWER**
LUIS ESPINAL, and JUAN SALMERON

on behalf of themselves, and those similarly situated,

          Plaintiffs,

v.

M L RESTAURANT, CORP., M.L. SAN JOSE
ENTERPRISES CORP., d/b/a LIBERATO RESTAURANT,
ANTONIO MANUEL LIBERATO, FERNANDO
LIBERATO, VICTOR LIBERATO, NELSON GOMEZ,
LUCY GOMEZ, SARAH VALLEJO, NANA (LNU), and
ROMEO (LNU) jointly and severally,

          Defendants.
------------------------------------------------------------------------X

       Defendants ML Restaurant Corp., M.L. San Jose Enterprises Corp. d/b/a Liberato

Restaurant, Manuel Antonio Liberato (s/h/a "Antonio Manuel Liberato"), Rafael Liberato (s/h/a

"Fernando Liberato") Victor Liberato, Nelson Gomez, Lucila Gomez (s/h/a as "Lucy Gomez"),

Sarah Vallejo, Sixta Rosaura Gomez (s/h/a "Nana (LNU)"), and Cesar Gomez Azcona (s/h/a

"Romeo (LNU)") (hereinafter and collectively, "Defendants"), by their counsel, Kaufman

Dolowich & Voluck, LLP, as and for their Answer to the Second Amended Class Action

Complaint With Jury Demand (hereinafter, "Complaint") of Oscar Ramirez, Javier Guerrero,

Geronimo Herculano, Pablo Rutilio, Maggie Andres Crecencio, Guillermo Alvarez, Juana Cruz

Hernandez, Leonidas Mateo, Anyeli Ovalles Hernandez, Mirna Reyes Martinez, Ramon Rosario,

Omar Taveras, and Luis Espinal, And Juan Salmeron (hereinafter, "Plaintiffs"), set forth the

following:

## <u>AS AND FOR AN ANSWER TO THE SECTION TITLED "NATURE OF THE ACTION"</u>

1. Deny the allegations contained in Paragraph 1 of the Complaint.

2. Deny the allegations contained in Paragraph 2 of the Complaint, and respectfully refer all questions of law to the Court.

3. Deny the allegations contained in Paragraph 3 of the Complaint, and respectfully refer all questions of law to the Court.

4. Deny the allegations contained in Paragraph 4 of the Complaint, and respectfully refer all questions of law to the Court.

5. Deny the allegations contained in Paragraph 5 of the Complaint, and respectfully refer all questions of law to the Court.

6. Deny the allegations contained in Paragraph 6 of the Complaint, and respectfully refer all questions of law to the Court.

7. Deny the allegations contained in Paragraph 7 of the Complaint, and respectfully refer all questions of law to the Court.

8. Deny the allegations contained in Paragraph 8 of the Complaint.

9. Deny the allegations contained in Paragraph 9 of the Complaint, and respectfully refer all questions of law to the Court.

10. Deny the allegations contained in Paragraph 10 of the Complaint, and respectfully refer all questions of law to the Court.

11. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 11.

12. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 12, and respectfully refer all questions of law to the Court.

13. Deny the allegations contained in Paragraph 13 of the Complaint, and respectfully refer all questions of law to the Court.

14. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 14 of the Complaint, and respectfully refer all questions of law to the Court.

15. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 15 of the Complaint, and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECTION TITLED "THE PARTIES"**

**AS AND FOR AN ANSWER TO THE SUB-SECTION TITLED "DEFENDANTS"**

16. Admit the allegations set forth in Paragraph 16 of the Complaint

17. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 24 of the Complaint.

25. Deny the allegations contained in Paragraph 25 of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 26 of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 27 of the Complaint, and respectfully refer all questions of law to the Court.

28. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 28 of the Complaint, and respectfully refer all questions of law to the Court.

29. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 28 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 30 of the Complaint, and respectfully refer all questions of law to the Court.

31. Deny the allegations contained in Paragraph 31 of the Complaint.

32. Deny the allegations contained in Paragraph 32 and the seven bullet-pointed sub-parts contained therein, and respectfully refer all questions of law to the Court.

33. Deny the allegations contained in Paragraph 33 of the Complaint and the six bullet-pointed sub-parts contained therein, and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO THE SUB-SECTION TITLED "INDIVIDUAL FACTUAL ALLEGATIONS"

*As And For An Answer to the Sub-Section Titled "Oscar Ramirez"*

34. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 34 of the Complaint.

35. Deny the allegations contained in Paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 36 of the Complaint, and respectfully refer all questions of law to the Court.

37. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 37 of the Complaint.

38. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 38 of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 39 of the Complaint.

40. Deny the allegations contained in Paragraph 40 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Javier Guererro"*

41. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 41 of the Complaint.

42. Deny the allegations contained in Paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 43 of the Complaint, and respectfully refer all questions of law to the Court.

44. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 45 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Geronimo Herculano"*

46. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 46 of the Complaint.

47. Deny the allegations contained in Paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 52 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Pablo Rutilio"*

53. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 53 of the Complaint.

54. Deny the allegations contained in Paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 55 of the Complaint, and respectfully refer all questions of law to the Court.

56. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 57 of the Complaint.

58. Deny the allegations contained in Paragraph 58 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Maggie Andres Crecencio"*

59. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 59 of the Complaint.

60. Deny the allegations contained in Paragraph 60 of the Complaint.

61. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 61 of the Complaint, and respectfully refer all questions of law to the Court.

62. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 62 of the Complaint.

63. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 63 of the Complaint.

64. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 64 of the Complaint.

65. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 65 of the Complaint.

66. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 66 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Guillermo Alvarez"*

67. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 67 of the Complaint.

68. Deny the allegations contained in Paragraph 68 of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 69 of the Complaint and respectfully refer all questions of law to the Court.

70. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 70 of the Complaint.

71. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 71 of the Complaint.

72. Deny the allegations contained in Paragraph 72 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Juana Cruz Hernandez"*

73. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 73 of the Complaint.

74. Deny the allegations contained in Paragraph 74 of the Complaint.

75. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 75 of the Complaint, and respectfully refer all questions of law to the Court.

76. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 76 of the Complaint.

77. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 77 of the Complaint.

78. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 78 of the Complaint.

79. Deny the allegations contained in Paragraph 79 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Leonidas Mateo"*

80. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 80 of the Complaint.

81. Deny the allegations contained in Paragraph 81 of the Complaint.

82. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 82 of the Complaint, and respectfully refer all questions of law to the Court.

83. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 83 of the Complaint.

84. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 84 of the Complaint.

85. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 85 of the Complaint.

86. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 86 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Anyeli Ovalles Hernandez"*

87. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 87 of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 88 of the Complaint.

89. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 89 of the Complaint, and respectfully refer all questions of law to the Court.

90. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 90 of the Complaint.

91. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 91 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Mirna Reyes Martinez"*

92. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 92 of the Complaint.

93. Deny the allegations contained in Paragraph 93 of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 94 of the Complaint, and respectfully refer all questions of law to the Court.

95. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 95 of the Complaint, and respectfully refer all questions of law to the Court.

96. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 96 of the Complaint.

97. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 97 of the Complaint.

98. Deny the allegations contained in Paragraph 98 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Ramon Rosario"*

99. Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 99 of the Complaint.

100.    Deny the allegations contained in Paragraph 100 of the Complaint.

101.    Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 101 of the Complaint, and respectfully refer all questions of law to the Court.

102.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 102 of the Complaint.

103.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 103 of the Complaint.

104.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 104 of the Complaint.

105.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 105 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Omar Taveras"*

106.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 106 of the Complaint.

107.     Deny the allegations contained in Paragraph 107 of the Complaint.

108.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 108 of the Complaint, and respectfully refer all questions of law to the Court.

109.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 109 of the Complaint.

110.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 110 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Luis Espinal"*

111.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 111 of the Complaint.

112.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 112 of the Complaint.

113.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 113 of the Complaint, and respectfully refer all questions of law to the Court.

114.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 114 of the Complaint.

115.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 115 of the Complaint.

116.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 116 of the Complaint.

*As And For An Answer to the Sub-Section Titled "Juan Salmeron"*

117.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 117 of the Complaint.

118.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 118 of the Complaint.

119.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 119 of the Complaint, and respectfully refer all questions of law to the Court.

120.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 120 of the Complaint.

121.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 121 of the Complaint.

122.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 122 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "THE PARTIES"

123.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 123 of the Complaint, and respectfully refer all questions of law to the Court

124.     Deny the allegations contained in Paragraph 124 of the Complaint, and respectfully refer all questions of law to the Court.

125.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 125 of the Complaint.

126.     Deny the allegations contained in Paragraph 126 of the Complaint, and respectfully refer all questions of law to the Court.

127.     Deny the allegations contained in Paragraph 127 of the Complaint, and respectfully refer all questions of law to the Court.

128.     Deny the allegations contained in Paragraph 128 of the Complaint, and respectfully refer all questions of law to the Court.

129.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 129 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECTION TITLED "RULE 23 CLASS ALLEGATIONS"

130.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 130 of the Complaint.

131.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 131 of the Complaint.

132.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 132 of the Complaint.

133.     Deny the allegations contained in Paragraph 133 of the Complaint.

134.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 134 of the Complaint.

135.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 135 of the Complaint, and its five bullet-pointed subparts.

136.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 136 of the Complaint, and its eight bullet-pointed subparts.

## AS AND FOR AN ANSWER TO THE SECTION TITLED
## "CLASSWIDE FACTUAL ALLEGATIONS"

137.     Deny the allegations contained in Paragraph 137 of the Complaint.

138.     Deny the allegations contained in Paragraph 138 of the Complaint.

139.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 139 of the Complaint.

140.     Deny the allegations contained in Paragraph 140 of the Complaint.

141.     Deny the allegations contained in Paragraph 141 of the Complaint.

142.     Deny the allegations contained in Paragraph 142 of the Complaint.

143.     Deny the allegations contained in Paragraph 143 of the Complaint, and respectfully refer all questions of law to the Court.

144.     Deny the allegations contained in Paragraph 144 of the Complaint, and respectfully refer all questions of law to the Court.

145.     Deny the allegations contained in Paragraph 145 of the Complaint, and respectfully refer all questions of law to the Court.

146.     Deny the allegations contained in Paragraph 146 of the Complaint, and respectfully refer all questions of law to the Court.

147.     Deny the allegations contained in Paragraph 147 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"FIRST CLAIM FOR RELIEF"
"(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq*., Brought by Plaintiffs on
Behalf of Themselves and the FLSA Collective Plaintiffs)"**

148.     Repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 147 of the Complaint as if set forth more fully herein.

149.     Deny the allegations contained in Paragraph 149 of the Complaint, and respectfully refer all questions of law to the Court.

150.     Deny the allegations contained in Paragraph 150 of the Complaint, and respectfully refer all questions of law to the Court.

151.     Deny the allegations contained in Paragraph 151 of the Complaint.

152.     Deny the allegations contained in Paragraph 152 of the Complaint.

153.     Deny the allegations contained in Paragraph 153 of the Complaint, and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"SECOND CLAIM FOR RELIEF"
"(FLSA Overtime Wage Claim, 29 U.S.C. §§ 201 *et seq*., Brought by Plaintiffs on Behalf
of Themselves and the FLSA Collective Plaintiffs)"**

154.     Repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 153 of the Complaint as if set forth more fully herein.

155.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 155 of the Complaint.

156.     Deny the allegations contained in Paragraph 156 of the Complaint.

157.     Deny the allegations contained in Paragraph 157 of the Complaint, and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"THIRD CLAIM FOR RELIEF"**
**"(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq*., Brought by Plaintiffs on Behalf of Themselves and the Class)"**

158.     Repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 157 of the Complaint as if set forth more fully herein.

159.     Deny the allegations contained in Paragraph 159 of the Complaint, and respectfully refer all questions of law to the Court.

160.     Deny the allegations contained in Paragraph 160 of the Complaint.

161.     Deny the allegations contained in Paragraph 161 of the Complaint, and respectfully refer all questions of law to the Court.

162.     Deny knowledge or information sufficient to form a belief as to the veracity of the allegations contained in Paragraph 162 of the Complaint, and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"FOURTH CLAIM FOR RELIEF"**
**"(New York State Minimum Wage Act – Overtime Claim, NYLL Article 19 §§ 650 *et seq*., Brought by Plaintiffs on Behalf of Themselves and the Class)"**

163.     Repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 162 of the Complaint as if set forth more fully herein.

164.     Deny the allegations contained in Paragraph 164 of the Complaint, and respectfully refer all questions of law to the Court.

165.     Deny the allegations contained in Paragraph 165 of the Complaint, and respectfully refer all questions of law to the Court.

166.     Deny the allegations contained in Paragraph 166 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"FIFTH CLAIM FOR RELIEF"
"(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiffs on
Behalf of Themselves and the Class)"**

167.     Repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 166 of the Complaint as if set forth more fully herein.

168.     Deny the allegations contained in Paragraph 168 of the Complaint, and respectfully refer all questions of law to the Court.

169.     Deny the allegations contained in Paragraph 169 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED
"SIXTH CLAIM FOR RELIEF"
"(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiffs
on Behalf of Themselves and the Class)"**

170.     Repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 170 of the Complaint as if set forth more fully herein.

171.     Deny the allegations contained in Paragraph 171 of the Complaint, and respectfully refer all questions of law to the Court.

172.     Deny the allegations contained in Paragraph 172 of the Complaint.

18

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"SEVENTH CLAIM FOR RELIEF"**
**"(FLSA Unlawful Tip Retention, 29 U.S.C. § 203(m) and 29 CFR 531.59, Brought**
**by Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs)"**

173.     Repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 172 of the Complaint as if set forth more fully herein.

174.     Deny the allegations contained in Paragraph 174 of the Complaint.

175.     Deny the allegations contained in Paragraph 175 of the Complaint, and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"EIGHTH CLAIM FOR RELIEF"**
**"(Unlawful Deductions, NYLL §§ & 196(d), Brought by Plaintiffs on Behalf of Themselves**
**and the Class)"**

176.     Repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 175 of the Complaint as if set forth more fully herein.

177.     Deny the allegations contained in Paragraph 177 of the Complaint.

178.     Deny the allegations contained in Paragraph 178 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"PLAINTIFFS' INDIVIDUAL ALLEGATIONS"**
**"NINTH CLAIM FOR RELIEF"**
**"(FLSA Prohibition of Retaliation 29 U.S.C. § 215(a)(3), Brought by Plaintiffs Ramirez,**
**Alvarez, and Rutilio on Behalf of Themselves)"**

179.     Repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 179 of the Complaint as if set forth more fully herein.

180.     Deny the allegations contained in Paragraph 180 of the Complaint.

181.     Deny the allegations contained in Paragraph 181 of the Complaint, and respectfully refer all questions of law to the Court.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"TENTH CLAIM FOR RELIEF"**
**"(New York State Human Rights Law § 296(1)(a): Unlawful Discriminatory Practices**
**Brought by Plaintiff Mateo on Behalf of Herself)"**

182.     Repeat, reiterate, and re-allege the response to Paragraphs 77 of the Complaint as if set forth more fully herein.

183.     Deny the allegations contained in Paragraph 183 of the Complaint, and respectfully refer all questions of law to the Court.

184.     Deny the allegations contained in Paragraph 184 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"ELEVENTH CLAIM FOR RELIEF"**
**"(New York City Human Rights Law § 8-107(1)(a) and (19): Unlawful Discriminatory**
**Practices Brought by Plaintiff Mateo on Behalf of Herself)"**

185.     Repeat, reiterate, and re-allege each and every response to Paragraphs 77, 182, 183, and 184 of the Complaint as if set forth more fully herein.

186.     Deny the allegations contained in Paragraph 186 of the Complaint, and respectfully refer all questions of law to the Court.

187.     Deny the allegations contained in Paragraph 187 of the Complaint.

**AS AND FOR AN ANSWER TO THE SECTION TITLED**
**"TWELFTH CLAIM FOR RELIEF"**
**"(New York State Human Rights Law § 296(1)(a): Unlawful Discriminatory Practices**
**Brought by Plaintiffs Juana Cruz Hernandez and Mirna Reyes Martinez on Behalf of**
**Themselves)"**

188.     Repeat, reiterate, and re-allege each and every response to Paragraphs 1 through 187 of the Complaint as if set forth more fully herein.

189.     Deny the allegations contained in Paragraph 189 of the Complaint, and respectfully refer all questions of law to the Court.

190.     Deny the allegations contained in Paragraph 190 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### "THIRTEENTH CLAIM FOR RELIEF"
### "(New York City Human Rights Law § 8-107(1)(a) and (19): Unlawful Discriminatory Practices Brought by Plaintiff Juana Cruz Hernandez and Mirna Reyes Martinez <u>Behalf [sic] of Themselves)</u>

191.     Repeat, reiterate, and re-allege each and every response in Paragraphs 75, 98, 188, 189, and 190 of the Complaint as if set forth more fully herein.

192.     Deny the allegations contained in Paragraph 192 of the Complaint, and respectfully refer all questions of law to the Court.

193.     Deny the allegations contained in Paragraph 193 of the Complaint.

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### <u>"RELIEF SOUGHT"</u>

194.     Deny the allegations contained in the Paragraph on page 33 of the Complaint beginning with the word "WHEREFORE," and its subparts (A) through (W), and submit that Plaintiffs are not entitled to any relief whatsoever.

### AS AND FOR AN ANSWER TO THE SECTION TITLED
### <u>"JURY TRIAL"</u>

195.     Deny that Plaintiffs are entitled to a jury trial to the extent that any claims stated herein are not otherwise triable to a jury with respect to allegations contained in the Paragraph on page 35 of the Complaint beginning with the phrase "Plaintiffs demand a jury trial...."

### <u>FIRST AFFIRMATIVE DEFENSE</u>

196.     Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

197.     To the extent that the period of time alluded to in Plaintiffs' Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C § 255 (a), or any similar state labor law, such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## THIRD AFFIRMATIVE DEFENSE

198.     To the extent that Defendants' actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York Department of Labor, Plaintiffs' claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FOURTH AFFIRMATIVE DEFENSE

199.     To the extent that any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA and/or NYLL, Plaintiffs' claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C § 260.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**FIFTH AFFIRMATIVE DEFENSE**

200.     Plaintiffs' claims are barred in whole or in part to the extent that the work they

performed falls within exemptions, exclusions, exceptions, offsets or credits permissible

under the FLSA and/or NYLL, including those provided for in 29 U.S.C §§ 207, 213.

This defense also may apply to the claims of some or all of the class of allegedly

similarly-situated persons.

**SIXTH AFFIRMATIVE DEFENSE**

201.     Defendants, at all times, acted in good faith to comply with the FLSA and NYLL

and with reasonable grounds to believe that their actions did not violate the FLSA and/or

NYLL, and Defendants assert a lack of willfulness or intent to violate the FLSA and/or

NYLL as a defense to any claim by Plaintiffs for liquidated damages.  This defense also

may apply to the claims of some or all of the class of allegedly similarly-situated persons.

**SEVENTH AFFIRMATIVE DEFENSE**

202.     Plaintiffs do not satisfy any of the requirements of Rule 23 of the Federal Rules of

Civil Procedure, and, thus, this action cannot be maintained as a class action.

**EIGHTH AFFIRMATIVE DEFENSE**

203.     There being no appropriate class representative, Plaintiffs' collective and class

action allegations must be stricken, and their collective and class action claims dismissed.

**NINTH AFFIRMATIVE DEFENSE**

204.     This case may not be maintained as a collective action because Plaintiffs are not

similarly situated to or otherwise an adequate representative for the persons whom they

purport to represent and, thus, they cannot satisfy the requirements under 29 U.S.C. §

216.

## TENTH AFFIRMATIVE DEFENSE

205.     There are no employees of Defendants who are similarly situated to Plaintiffs, as that term is defined and/or interpreted under the FLSA, 29 U.S.C. § 216(b).

## ELEVENTH AFFIRMATIVE DEFENSE

206.     Plaintiffs are not "employees" of Defendants as defined by the FLSA and/or NYLL.

## TWELFTH AFFIRMATIVE DEFENSE

207.     Defendants are not an "employer" of Plaintiffs as defined by the FLSA and/or NYLL.

## THIRTEENTH AFFIRMATIVE DEFENSE

208.     Plaintiffs' claims are barred to the extent Plaintiffs failed, refused, and/or neglected to mitigate or avoid the damages complained of in Plaintiffs' Complaint, if any. This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FOURTEENTH AFFIRMATIVE DEFENSE

209.     To the extent applicable, Plaintiffs' claims are barred by the doctrines of waiver, unclean hands, collateral estoppel, and/or laches.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## FIFTEENTH AFFIRMATIVE DEFENSE

210.     Even if Defendants, in fact, failed to pay Plaintiffs appropriately for any of the activities alleged in Plaintiffs' Complaint, to the extent that such activities do not constitute compensable work under the FLSA and/or NYLL, and furthermore, to the extent that such activities were not an integral and indispensable part of Plaintiffs'

principal activities of employment, they are not compensable.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SIXTEENTH AFFIRMATIVE DEFENSE

211.      Plaintiffs' claims are barred in whole or in part by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary to their principal activities or incidental to them.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## SEVENTEENTH AFFIRMATIVE DEFENSE

212.      Plaintiffs' claims are barred in whole or in part by the doctrine of *de minimis non curat lex*.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## EIGHTEENTH AFFIRMATIVE DEFENSE

213.      Plaintiffs' NYLL claims cannot, lie, in whole or in part, to the extent Defendants are not covered by the New York Department of Labor Wage Order cited in Plaintiff's Complaint, or any other Wage Order.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## NINETEENTH AFFIRMATIVE DEFENSE

214.      Plaintiffs are not entitled to equitable relief insofar as they have an adequate remedy at law.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTIETH AFFIRMATIVE DEFENSE

215.     This action cannot be certified and supplemental or other jurisdiction should not be exercised over Plaintiffs' state law claims.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

216.     Plaintiffs' alleged injuries were not proximately caused by any unlawful policy, custom, practice and/or procedure promulgated and/or tolerated by Defendants.   This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

217.     Assuming *arguendo*, Defendants violated any provision of the FLSA or NYLL, such violation was not pursuant to a uniform policy or plan.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

218.     Assuming *arguendo*, Plaintiffs are entitled to recover additional compensation for themselves personally, Defendants have not willfully or intentionally failed to pay such additional compensation, and as such the remedies available to Plaintiffs and/or the purported class are appropriately limited thereby.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

219.     Defendants have not willfully failed to pay Plaintiffs any wages and/or monies claims due, and there is a bona fide, good faith dispute with respect to Defendants' obligation to pay any sum that may be alleged to be due.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

220.     Plaintiffs lack standing to file and/or prosecute this action against Defendants and/or to receive any attorney's fees.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

221.     Plaintiffs are not entitled to an award of prejudgment interest if they prevail on any or all of the stated claims.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

222.     Plaintiffs' Complaint fails to state facts sufficient to entitle Plaintiffs to any relief, including, but not limited to, the failure to properly state facts sufficient to identify any actual or threatened harm to Plaintiffs beyond pure speculation, the failure to allege facts showing that Plaintiffs have no adequate remedy at law, and the proposal of relief that would impose an undue burden on both Defendants and the Court and be so uncertain as to be wholly unenforceable.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

223.     To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the applicable limitations periods, such claims of Plaintiffs are barred.  This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

224.     To the extent that discovery reveals that Plaintiffs falsely reported their hours and there is no evidence that Defendants required the false reporting of hours; no evidence

that Defendants encouraged Plaintiffs to falsely report their hours; and no evidence that Defendants knew or should have known that Plaintiffs were providing false information as to their hours, Defendants hereby invoke the doctrines of estoppel and avoidable consequences to bar the claims asserted by the Plaintiffs. *See Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972). This defense also may apply to the claims of some or all of the class of allegedly similarly-situated persons.

## THIRTIETH AFFIRMATIVE DEFENSE

225. To the extent Plaintiffs' NYLL claims can and should be prosecuted in New York state court, and/or said claims are remanded to New York state court, Plaintiffs are barred under Article 9 of New York's Civil Practice Law and Rules from seeking any penalties or liquidated damages. This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

226. To the extent that Defendants are or were neither an "enterprise," nor an "enterprise engaged in commerce," under the FLSA, Defendants were not obligated to pay overtime under the FLSA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

227. The individual Defendant named in this action was not Plaintiffs' employer within the meaning of the FLSA or NYLL.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

228. Defendants have never represented to its customers that any service charge was a gratuity.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

229.     Defendants charged sales tax in accordance with all applicable provisions of Federal and New York tax law on any service charge.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

230.     Defendants included service charges as part of its gross receipts, and service charges were calculated as income for income tax purposes.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

231.     Defendants comply with New York Labor Law § 652, all relevant wage orders and regulations, and pay all its employees at or above the applicable minimum wage.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

232.     Plaintiffs were not entitled to any notice from Defendants pursuant to New York Labor Law §195 because Plaintiffs commenced and concluded their employment with Defendants, prior to the enactment of any such requirements, and even if Plaintiffs were not provided notice required by that section, Plaintiffs' claims are barred because Defendants made complete and timely payment of all wages due to Plaintiffsf under the New York Labor Law.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

233.     Plaintiffs' claims pursuant to New York Labor Law § 195 also are barred because, to the extent Plaintiffs did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that they were not required to provide the employee with notice pursuant to the law.  This defense also may apply to the claim of some or all of the class of allegedly similarly-situated persons.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

234.      To the extent applicable, Plaintiffs have failed to any and all exhaust administrative or contractual remedies and/or conditions precedent which they was required to avail himself.

## FORTIETH AFFIRMATIVE DEFENSE

235.   Insofar as Plaintiffs purport to allege a claim or claims for physical or mental emotional distress, including claims for recovery of medical expenses thereby incurred, said claims are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

## FORTY-FIRST AFFIRMATIVE DEFENSE

236.   Plaintiffs' employer exercised reasonable care to prevent and promptly correct any purportedly discriminatory behavior in its workplace, and Plaintiffs unreasonably failed to take advantage of the preventive or corrective opportunities provided by Plaintiffs' employer or to otherwise avoid harm.

## FORTY-SECOND AFFIRMATIVE DEFENSE

237.   To the extent Plaintiffs have received other benefits and/or awards attributable to an injury for which they seeks compensation in this case, as applicable such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury.

## FORTY-THIRD AFFIRMATIVE DEFENSE

238.   The Complaint fails to allege facts sufficient to allow recovery of punitive damages.

Case 1:14-cv-04030-AJN   Document 33   Filed 08/08/14   Page 31 of 32


**FORTY-FOURTH AFFIRMATIVE DEFENSE**

239.    If Plaintiffs sustained any injury, damage or loss by reason of any act, error or

omission on the part of Defendants, said injury, damage or loss must be reduced on the

basis of comparative fault or negligence of Plaintiffs, or others, which contributed to and

proximately caused any such injury, damage or loss.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

240.    Some or all of the discriminatory or retaliatory acts Plaintiffs allege in the Complaint

are not "adverse employment actions" and were not motivated by discriminatory or

retaliatory animus.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

241.    Plaintiffs' retaliation claims fail as a matter of law to the extent that Plaintiff did

not engage in protected activity.


**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

242.    Plaintiffs' claims are barred in whole or in part, or Plaintiffs' recovery should be

limited, by the doctrine of after acquired evidence.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

243.    Any decisions made by Defendants relative to Plaintiffs' employment were based

on legitimate, independent, good faith and non-retaliatory reasons, and consequently,

preclude any Plaintiff from recovery as a matter of law.

**STATEMENT OF AFFIRMATIVE DEFENSES AND OTHER DEFENESES**

244.    Defendants reserve the right to plead additional separate and affirmative defenses,

which may be ascertained during the course of discovery in this action or otherwise.

31

Defendants assert the foregoing affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.

**WHEREFORE**, it is respectfully requested that the Complaint be dismissed in its entirety, with prejudice, and that Defendants be awarded their reasonable attorney's fees and such other and further relief as the Court deems just and proper.

Dated: Woodbury, New York
       August 8, 2014

                                **KAUFMAN DOLOWICH & VOLUCK, LLP**

                                By:_____/s/_____
                                     Sanjay V, Nair, Esq.
                                     snair@kdvlaw.com
                                135 Crossways Park Drive, Suite 201
                                Woodbury, New York 11797
                                Phone: (516) 681-1100
                                Fax:  (516) 681-1101
                                *Attorneys for Defendants*

CC:    Jeanne Ellen Mirer (*via ECF*)
         Law Offices of Jeanne E. Mirer, PLLC
         1700 Broadway, 21st Fl.
         New York, NY 10003
         (212) 231-2235
         jeanne@jmirerlaw.com
         *Attorney for Plaintiffs*

4830-6695-8876, v. 1