USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
OSCAR RAMIREZ, JAVIER GUERRERO, : 
GERONIMO HERCULANO, PABLO RUTILIO, : 
MAGGIE ANDRES CRECENCIO, : 
GUILLERMO ALVAREZ, JUANA CRUZ : 14–CV-4030 (VEC)
HERNANDEZ, LEONIDAS MATEO, ANYELI : 
OVALLES HERNANDEZ, MIRNA REYES : ORDER
MARTINEZ, RAMON ROSARIO, OMAR : 
TAVERAS, LUIS ESPINAL, and JUAN : 
SALMERON, on behalf of themselves and those : 
similarly situated, : 
 : 
 : 
                                    Plaintiffs, : 
 : 
            -against- : 
 : 
M L RESTAURANT, CORP., M.L. SAN JOSE : 
ENTERPRISES, CORP., d/b/a Liberato : 
Restaurant, ANTONIO MANUEL LIBERATO, : 
FERNANDO LIBERATO, VICTOR : 
LIBERATO, NELSON GOMEZ, LUCY : 
GOMEZ, SARAH VALLEJO, NANA (LNU), : 
and ROMEO (LNU), jointly and severally, : 
 : 
                                    Defendants. : 
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

Pursuant to the Court's decisions announced at oral argument on March 12, 2015,

IT IS HEREBY ORDERED THAT:

1. Plaintiffs' Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims, the first nine claims in the Third Amended Complaint ("TAC"), are DISMISSED with prejudice as against Defendants Fernando Liberato, Victor Liberato, Nelson Gomez, Lucy Gomez, Sarah Vallejo, Nana (LNU), and Romeo (LNU). Crediting all of the information that Plaintiffs have alleged in their numerous submissions, including the Complaint, First Amended Complaint, Second Amended Complaint, TAC, and the

myriad affidavits, affirmations, and exhibits submitted for the Court's consideration, Plaintiffs have not alleged facts from which the Court could infer that these defendants were "employers" within the meaning of the FLSA or the NYLL.  The Clerk of the Court is directed to terminate the action as against Defendants Fernando Liberato, Victor Liberato, Lucy Gomez, Sarah Vallejo, Nana (LNU), and Romeo (LNU).

2. Plaintiffs' request for permission to amend the TAC to add allegations regarding the "employer" status of the Defendants listed in Paragraph One is denied.  Plaintiffs seek to amend their complaint for the fourth time, in violation of numerous scheduling orders. *See, e.g.,* Dkt. 38, Dkt. 41, Dkt. 58.  The Undersigned's Individual Practices require a party to choose between responding to a Motion to Dismiss or amending to seek to cure the defects that it identifies; they do not allow parties to do both.  Rule 3.E.i-ii ("[S]ubsequent leave to amend the complaint to address the deficiencies that were identified in the motion to dismiss will not be granted.").[1]  Moreover, the information that Plaintiffs seek to add to what would become the Fourth Amended Complaint was within their possession prior to the time they filed the TAC (or indeed the initial Complaint). This is not a case where "Plaintiffs learned about the putative employer status of the additional parties through discovery after the expiration of the scheduling order deadline." *Salomon v. Adderley Indus.*, 960 F. Supp. 2d 502, 507 (S.D.N.Y. 2013) (applying Fed. R. Civ. P. 16).

---

[1] Plaintiffs' argument that Defendants' brief in support of their Motion to Dismiss did not raise the arguments that were presented in their reply brief misses the mark.  Defendants' brief noted – correctly – that no allegations in the TAC go beyond the threadbare assertion that every defendant listed in Paragraph One was "a 'supervisor/manager' without any factual basis for this characterization." Def. Mem. at 7.  The *new* arguments in Defendants' reply brief, insofar as there were any, were responses to Plaintiffs' attempts to rely on extrinsic affidavits that were not attached to, relied upon, nor otherwise integral to the TAC.

Even if the more lenient Rule 15 standard applied, however, the interests of justice counsel against granting Plaintiffs leave to amend the complaint for a fourth time. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007).  This litigation and the underlying disagreement that it represents, more than most, is in need of speedy judicial resolution.  Plaintiffs allege that the illegal policies about which they are complaining remain ongoing, that retaliatory action is threatened and has been taken (such that they moved several months ago for a preliminary injunction to protect their rights), and that Plaintiffs are increasingly frustrated by the delay in litigation (such that they pulled out of an agreement to enter into mediation with the Defendants).  If Plaintiffs are right, Defendants' unlawful wage practices must be ended as quickly as possible; the restaurant workers who would benefit from being paid the wages they are due require an expeditious judgment.  Defendants have brought a counter-suit, alleging that the violent and defamatory language used by Plaintiffs and their labor–organizer confederates constitutes extortion (among other torts).  The occasionally raucous protests outside the restaurant are a further testament that the interests of justice require a just and speedy resolution of this case – not just for the parties, but for the uninvolved citizenry and neighboring business owners who are being inconvenienced by Plaintiffs' protests.  Plaintiffs' delay in pleading known facts that might state a claim against additional people as "employers" – after numerous substantive motions have been determined in the case – would complicate the case, add extraneous issues, delay discovery and ultimately trial, and would – after all is said and done – not result in one penny of additional damages to Plaintiffs.  Accordingly, Plaintiffs' request for leave to amend the complaint is DENIED.

3. No later than March 23, 2015, Plaintiffs are ordered to show cause why the tenth, eleventh, twelfth, and thirteenth causes of action should not be dismissed without prejudice for lack of subject matter jurisdiction. Defendants' response, if any, shall be filed no later than March 27, 2015.

4. Plaintiffs' Motion for Conditional Certification is GRANTED. The parties are directed to submit a new proposed Notice, Consent, and Order to the Court no later than March 18, 2015. This Notice, Consent, and Order should reflect jointly approved language; in the limited instances in which the parties cannot agree, it should include both Plaintiffs' and Defendants' proposed language.

    a. No later than March 23, 2015, the Defendants are directed to provide the names, addresses, and e-mail addresses (to the extent that they are known) of all individuals who were employed at the two restaurants at any time on or after March 27, 2012. This information is to be used by Plaintiffs' counsel only to disseminate the Notice. Plaintiffs' counsel is prohibited from sharing this information with any external party, including the Laundry Workers Center or its officers.

    b. Once the Court has approved a Notice, the parties are directed to produce a mutually-acceptable Spanish translation of the Notice. Any dispute regarding the translation must be brought to the Court's attention by close of business on March 25, 2015.

    c. The Plaintiffs are directed to disseminate the Notice in English and Spanish no later than March 27, 2015.

    d. The Notice should specify that the opt-in period ends on May 11, 2015.

    e. On or before the later of May 15, 2015, or four days after each timely Consent to Join form is received, Plaintiffs' counsel is directed to file all Consent to Join forms via ECF.

5. Defendants' motion to disqualify Ms. Mirer as Plaintiffs' counsel shall be filed no later than March 16, 2015. Plaintiffs' response shall be filed no later than March 27, 2015, and Defendants' reply by April 1, 2015.

6. The deadline for all fact and expert discovery in this case is June 19, 2015. This deadline will not be extended under any circumstances. The parties are reminded that, pursuant to Rule 2.B of the Undersigned's Individual Practices, they must meet and confer regarding any discovery dispute. If the parties cannot agree, they are directed to jointly call Chambers at (212) 805-6350. If a dispute could result in a requirement that one party make additional discovery, it must be raised to the Court's attention with enough time for that party to comply before the firm discovery deadline of June 19, 2015.

7. The parties are directed to appear for a status conference on June 19, 2015, at 11:00 a.m.

8. Any motion for summary judgment shall be filed no later than June 26, 2015. Any response to a motion for summary judgment shall be filed no later than July 2, 2015, and any reply no later than July 6, 2015.

9. Motions *in limine* shall be filed no later than July 9, 2015; responses shall be filed no later than July 16, 2015.

10. The parties' joint pretrial order shall be submitted no later than July 16, 2015. This Order shall include all materials required by the Undersigned's Individual Practices in Civil Cases Rule 6.A, including requests to charge and proposed *voir dire* questions.

11. The parties are directed to appear for a final pretrial conference on July 23, 2015, at 2:00 p.m.

12. The jury trial in this case shall begin July 27, 2015, at 9:30 a.m.

13. The Clerk of the Court is respectfully directed to terminate Dkt. 43 and Dkt. 88.

**SO ORDERED.**

Date:  March 13, 2015
       New York, NY

**VALERIE CAPRONI**
**United States District Judge**