UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------x

OSCAR RAMIREZ, JAVIER GUERRERO, GERONIMO
HERCULANO, PABLO RUTILIO, MAGGIE ANDRES
CRECENCIO, GUILLERMO ALVAREZ, JUANA CRUZ
HERNANDEZ, LEONIDAS MATEO, ANYELI OVALLES
HERNANDEZ, MIRNA REYES MARTINEZ, RAMON
ROSARIO, OMAR TAVERAS, LUIS ESPINAL, JUAN
SALMERON, ERASMO DIAZ, JULIO RODRIGUEZ,
JACINTO POLANCO, RAUL GUILLEN ROSA, JOSE
DANIEL RAMOS, VICTORIANO DE OLEO, FRANCISCA
PENA, and SIMON GRULLON

on behalf of themselves,

                         Plaintiffs

M L RESTAURANT, CORP., M.L. SAN JOSE ENTERPRISES,
CORP., d/b/a LIBERATO RESTAURANT, ANTONIO MANUEL
LIBERATO, jointly and severally,

                         Defendants.

-------------------------------------------------------------------------------x

13-cv-7249
14-cv-4030
Hon. Valerie E. Caproni

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT**

LAW OFFICES OF JEANNE E. MIRER, PLLC
1700 Broadway, 21st Flr.
New York, New York 10019-5905
212-231-2235
Attorney for Plaintiffs
Jeanne@jmirerlaw.com

# TABLE OF CONTENTS

                                                                        **Page**

TABLE OF AUTHORITIES ...................................................................................ii

PRELIMINARY STATEMENT ............................................................................1

STATEMENT OF FACTS ....................................................................................1

STANDARD OF REVIEW ...................................................................................3

ARGUMENT.........................................................................................................**4**

I.   DEFENDANTS DO NOT DISPUTE THEIR STATUS AS EMPLOYERS UNDER THE FLSA
     AND NYLL NOR PLAINTIFFS' STATUS_ .................................................................4

II.  DEFENDANTS ARE LIABLE TO ALL PLAINTIFFS BUT JUAN SALMERON FOR
     FAILURE TO ISSUE ANNUAL WAGE NOTICES AS REQUIRED BY THE WTPA, UNDER
     APPLICABLE NEW YORK LAW .........................................................................5

III. DEFENDANTS ARE LIABLE TO ALL PLAINTIFFS BUT JUAN SALMERON FOR
     FAILURE TO ISSUE WEEKLY WAGE STATEMENTS AS REQUIRED BY THE WTPA,
     UNDER APPLICABLE NEW YORK LAW ..............................................................6

IV.  DEFENDANTS ARE LIABLE TO TIPPED WORKERS UNDER THE FLSA AND THE
     NYLL FOR UNPAID MINIMUM WAGES DUE TO DEFENDANTS' FAILURE TO MEET
     THE REQUIREMENTS FOR CLAIMING TIP CREDIT ALLOWANCES .......................7

         a.   Defendants Are Liable To Tipped Workers For Minimum Wage Under The FLSA.......8
                i.   Defendants Are Liable To Tipped Workers For Minimum Wage
                     Under The FLSA For Failure To Keep Records Sufficient to Ensure
                     that At All Times Tipped Workers Received Minimum Wage
                     Between the Tip Credit and Actual Tips Received.......................................8

                        1.   Defendants' Lack Records of Tips from 2008-2013 ...................8
                        2.   Defendants Are Not Entitled to Take the Tip Credit in 2014
                             and 2015 Due to Infirmity In Records .........................................10
                ii.  Defendants Are Liable To Tipped Workers For Minimum Wage
                     Under The FLSA On the Independent Ground of Lack of Requisite
                     Notice..........................................................................................................11

         b.   Defendants Are Liable To Tipped Workers For Minimum Wage Under The
              NYLL...................................................................................................................14

       i.  Defendants Are Liable To Tipped Workers For Minimum Wage Under The NYLL For Failure To Notify Employees at the Time of Hire and Thereafter Weekly of the Tip Credit ....................................................................14

     ii.  Defendants Are Liable To Tipped Workers For Minimum Wage Under The NYLL For Failure To Keep Records Sufficient to Ensure That At All Times Tipped Workers Received Minimum Wage Between the Tip Credit and Actual Tips Received ...............................................................................15

V.  PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES UNDER FEDERAL AND STATE LAW .............................................................................................................16

      a.  <u>Plaintiffs Are Entitled To Liquidated Damages Under The FLSA</u>...................................16

      b.  <u>Defendant Is Liable For Liquidated Damages Based On NYLL Violations</u> ...................17

CONCLUSION.................................................................................................................................19

TABLE OF AUTHORITIES

Page

*Anderson* v. *Liberty Lobby, Inc.,* 477 U.S. 242, 247-248 (1986)  .................................................3

*Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008)....................16, 18

*Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987).................................................................16

*Brown v. Eli Lilly & Co.,* 654 F.3d 347, 358 (2d Cir. 2011) ...........................................................3

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ........................................................................4

*Chung v. New Silver Palace Rest.*, 246 F.Supp.2d 220, 228-29 (S.D.N.Y.2002). ..............8, 11, 12

*Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 287 (S.D.N.Y. 2011)..11, 12, 13, 16

*Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014) ................10, 14, 17

*F.D.I.C. v. Great Am. Ins. Co.,* 607 F.3d 288, 292 (2d Cir. 2010) ...................................................4

*Flores v. Anjost Corp.*, 2012 WL 2339267 S.D.N.Y., 2012.........................................................13

*Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 937 (S.D.N.Y. 2013) .................12, 13, 18

*Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)...........................................16

*Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. *288 1998) .....12, 13

*Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011).................................................18

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)................................3

*Lanzetta v. Florio's Enters., Inc.,* 763 F. Supp. 2d 615, 623 (S.D.N.Y. 2011 ...............................12

*Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1322-23 (1st Cir.1992)....................................11, 13

*McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 202 (2d Cir. 2007) .......................................3

*Moon v. Kwon*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002) .........................................................18

*Perez v. G & P Auto Wash Inc.,* 930 F.Supp.2d 423, 435 ............................................................11

*Perez v. Lorraine Enters., Inc.,* 769 F.3d 23, 27 (1st Cir. 2014) .............................................12, 14

*Reich v. Chez Robert, Inc.,* 28 F.3d 401, 404 (3d Cir. 1994).........................................................12

*Reich v. S. New Eng. Telcomms. Corp.,* 121 F.3d 58, 71 (2d Cir. 1997)...........................11, 12, 16

*Ricks v. Conde Nast Publ'ns, Inc.,* 92 F. Supp. 2d 338, 343 (S.D.N.V. 2000) ..............................4

*Ryan v. Kellogg Partners Inst. Servs.,* 19 N.Y.3d 1, 10 n.8, 968 N.E.2d 947
    945 N.Y.S.2d 593 (2012).........................................................................................................18

*Shahriar v. Smith & Wollensky Restaurant Grp.,* 659 F.3d 234, 239-40 (2d Cir. 2011)................8

*Yu G. Ke v. Saigon Grill, Inc.,* 595 F.Supp.2d 240 S.D.N.Y., 2008.............................................13

## LEXIS

*Eschmann v. White Plains Crane Serv.,* No. 11 Civ. 5881, 2014 U.S. Dist. LEXIS 38580,
    2014 WL 1224247, at *9 (E.D.N.Y. Mar. 24, 2014).............................................................19

*He v. Home on 8th Corp.,* No. 09 Civ. 5630, 2014 U.S. Dist. LEXIS 114605,
    2014 WL 3974670, at *5 (S.D.N.Y. Aug. 13, 2014).......................................................12, 19

*Inclan v. New York Hospitality Grp., Inc.,* 2015 U.S. Dist. LEXIS 39342, *1-46 ......................6, 7

*Tae Kim v. Kum Gang,* 2015 U.S. Dist. LEXIS 39095, *79-80 (S.D.N.Y. Mar. 19, 2015)....14, 15

## WESTLAW

*Sung Yue Tung Corp.,* 2007 WL 313483, at *18 ..........................................................................13

## Federal Statutes

29 U.S.C. § 203 .......................................................................................4, 9, 10, 11, 12, 13, 14
29 U.S.C. § 260 .................................................................................................................17, 18

## Federal Rules

Fed. R. Civ. Pro. 56(a) ................................................................................................................3

**State Statutes**

New York Labor Law § 198(1)(a)  ...................................................................17, 18
New York Labor Law § 663(1)  .................................................................17, 18, 19

## State Regulations

12 N.Y.C.R.R. § 137-1. ...............................................................................................8
12 N.Y.C.R.R. § 137-2.2 ...............................................................................14, 15, 16
12 N.Y.C.R.R. § 146-1.3(b) ....................................................................8, 14, 15, 16
12 N.Y.C.R.R. § 146-2.2 ...............................................................................14, 15, 16

## PRELIMINARY STATEMENT

Plaintiffs move for partial summary judgment on the following issues of Defendants' liabilities under the FLSA and NYLL as follows: (1) that plaintiffs are covered employees under the FLSA and the NYLL; (2) that Defendants are liable under the Wage Theft Prevention Act (an amendment to the NYLL) for statutory damages for their failure to provide proper wage notices and wage statements; (3) Defendants are liable under the FLSA and the NYLL for unpaid minimum wages due to Defendants' failure to meet the requirements for claiming tip credit allowances under the FLSA and the NYLL; (4) that Defendants are liable under the FLSA and the NYLL for liquidated damages.

## STATEMENT OF FACTS

Plaintiffs seek partial summary judgment on issues fundamental to all cases under the Fair Labor Standards Act and the New York Labor Law. Firstly, as set forth in Plaintiffs' Rule 56.1 Statement, the Admissions of Defendants in their Responses to Plaintiffs' Requests to Admit settle the question of FLSA jurisdiction. The next issue is whether plaintiffs were employed by Defendants. Defendants' admission that plaintiffs were employed by them, as well as their records (albeit incomplete) which show plaintiffs worked for at least specific periods of time, settle the issue of whether plaintiffs were Defendants' employees. Rule 56.1 Statement ¶¶5-43.

Plaintiffs are similarly entitled to summary judgment on the second and third questions, that is annual wage notices and weekly wage statements required by state law. Fundamental to any claims under the FLSA and the NYLL are employer's obligations to provide notice to their employees of their hourly wage and hours of work, as well as any deductions, including tip credit, that are to be made from their pay.  Defendants admit that they have not provided written

notice to their employees of their pay. Rule 56.1 Statement ¶ 44. Defendants have also admitted that other than the pay envelopes with cash, the employees provided no other wage statements as required by law. Rule 56.1 Statement ¶45.

Defendants' admissions regarding the tip credit are equally fatal to surviving summary judgment. Defendants admit to taking a tip credit for all of the waiters, counter persons, and delivery persons who are named plaintiffs and to have paid them the "tipped minimum wage". (Rule 56.1 Statement ¶54). Defendant has also admitted that until 2014, he kept no records of what his employees earned in tips. (Rule 56.1 Statement ¶¶52-53).  Defendants admit that even when he did keep records of actual tips received, his wage record reflected only standard amounts and did not reflect the tips actually received. (Rule 56.1 Statement ¶¶56, 57, 59, 60, 63). However federal and state law allow employers to pay certain workers who receive tips a lower minimum wage only where those employers have satisfied strict statutory requirements.[1] That is, employers are allowed to pay a lower minimum wage and receive a "tip credit" as long as the hourly rate between the two meets or exceeds applicable minimum wage and as long as they follow record keeping and notice requirements. Defendants have not satisfied these strict statutory requirements.  On this basis tipped worker plaintiffs are entitled to summary judgment.

Although there are numerous other basis on which Defendants are not entitled to the tip credit, the Defendants' admission that he failed to keep any records of tips received supports the request in this motion that as a matter of law that Defendants are not allowed to take any tip credit at least until 2014.

---

[1] Tipped workers are reliant on the mood of their customers for any tips; there is no requirement for any customer to leave a tip. As will be stated more fully in the Memorandum of Law below, in light of the variable nature of tips, employers are required to give specific notice of their intent to take a tip credit and to keep records of the tips received by the tipped workers.

After 2014, although records of tips were kept, these records are faulty and at no time did Defendants monitor these records to ensure that workers were being properly paid minimum wage. Further Mr. Liberato claimed that he did not know he was required to make up the difference between the tipped minimum wage and the tips in order to ensure that tips plus the tipped minimum wage equaled the total minimum wage. (Rule 56.1 Statement ¶¶ 51, 62). Instead, workers were asked to sign false records in order to receive their pay. (Rule 56.1 Statement ¶¶ 56, 59, 60).   For myriad reasons, tipped plaintiff employees are entitled to summary judgment awarding them full minimum wage for the entire eligible period of employment within the scope of this lawsuit.

## STANDARD OF REVIEW

A motion for summary judgment is appropriately granted when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In this context, "[a] fact is 'material' when it might affect the outcome of the suit under governing law," and "[a]n issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 202 (2d Cir. 2007) (other internal quotation marks and citations omitted). Further, the "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) (emphasis in original). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts .... and may not rely on conclusory allegations or unsubstantiated speculation." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citing

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)). If the evidence is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-50.

Where plaintiff has demonstrated 'the absence of a genuine issue of material fact,' *F.D.I.C. v. Great Am. Ins. Co.,* 607 F.3d 288, 292 (2d Cir. 2010) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)) summary judgment must be granted unless the non-moving parties set forth "'concrete particulars showing the need for a trial." *Ricks v. Conde Nast Publ'ns, Inc.,* 92 F. Supp. 2d 338, 343 (S.D.N.V. 2000) (granting summary judgment in Title VII case, in part, on plaintiff's reliance on conclusory allegations), *af'd,* 6 Fed. Appx. 74 (2d Cir. 2001). However, where a defendant bears a burden of proof, summary judgment must be entered against defendant where they fail to adduce any evidence sufficient to create a material question of fact. That is, as to plaintiffs and Defendants equally, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of a necessary element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.* v. *Catrett,* 477 U.S. 317,322 (1986).

## ARGUMENT

### I.   DEFENDANTS DO NOT DISPUTE THEIR STATUS AS EMPLOYERS UNDER THE FLSA AND NYLL, NOR PLAINTIFFS' STATUS

29 U.S.C. §§ (r) and (s) as part of the 1961 amendments to the FLSA significantly broadened the number of employees covered by the FLSA by covering enterprises. The employee need not be directly engaged in interstate commerce but in an activity that affects interstate commerce. If an enterprise's annual gross sales volume is over $500,000, all non-exempt employees are covered under the law if at least two employees are "engaged in handling,

selling or otherwise working on goods or materials that have been moved or produced in interstate commerce". 29 U.S.C. 203 § (s) 1 (A) (i) (ii).

Defendants' admissions referred to in the 56.1 Statement ¶¶1-4 as to sales volume, as well as handling of goods in interstate commerce are conclusive on the issue of jurisdiction of this Court under the Fair Labor Standard's Act. Liberato's employees are thus working in jobs covered by the FLSA. The workers are also covered under New York Labor Law section 190, which defines employer to include "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service." There is no dispute that plaintiffs were employed by defendants as it is established by records or admissions that all the named plaintiffs were in defendants' employ. (Rule 56.1 Statement ¶¶5-43).

II.  DEFENDANTS ARE LIABLE TO ALL PLAINTIFFS BUT JUAN SALMERON FOR FAILURE TO ISSUE ANNUAL WAGE NOTICES AS REQUIRED BY THE WTPA, UNDER APPLICABLE NEW YORK LAW

For the six years prior to filing the Initial Complaint, defendants did not provide wage notices on February 1 of every year as required by the wage Theft Prevention Act (WTPA). (Rule 56.1 Statement ¶44). Under the WTPA, an employer must, at the time of an employee's hiring, and then annually on or before the 1st of February, provide an employee with a wage notice containing, *inter alia*, allowances, including tip allowances, claimed as part of the minimum wage. 2010 N.Y. Laws ch. 564 § 3, amending N.Y. Labor Law § 195(1)(a). This provision applies to employees without regard to whether they are deemed tipped employees or not. The WTPA allowed employees to recover, as statutory damages for violations of this wage notice requirement, $50 per work week not to exceed $2,500. 2010 N.Y. Laws ch. 564 § 7, amending N.Y. Labor Law § 198(1-b)6. As it is undisputed that Defendants did not provide

plaintiffs with a wage notice form, either at hiring or annually on or before February 1 (Rule 56.1 Statement ¶ 44), plaintiffs are therefore entitled to statutory wage notice damages under the WTPA for 2012, 2013 and 2014. In light of this, plaintiffs are entitled to summary judgment as to defendants' failure to comply with the NYLL wage notice requirements.

As shown in Plaintiffs' Rule 56.1 Statement at ¶¶5-43, all plaintiffs but Juan Salmeron worked for defendant at some time after the effective date of the WTPA in April 2011. As Defendants did not provide all such employees with WTPA-compliant wage notice statements, plaintiffs may recover statutory damages of $50 per work week during the time of their employment after that date. Defendants are liable in a total amount to be determined at trial for its admitted failure to give such employees the requisite wage notices as required by state law. *Inclan v. New York Hospitality Grp., Inc.*, 2015 U.S. Dist. LEXIS 39342, *1-46 (S.D.N.Y. Mar. 26, 2015. As Defendants did not provide all such employees with WTPA-compliant wage notice statements, plaintiffs should be granted summary judgment on the question of defendants' liability on the issue of wage notices.

III. <u>DEFENDANTS ARE LIABLE TO ALL PLAINTIFFS BUT JUAN SALMERON FOR FAILURE TO ISSUE WEEKLY WAGE STATEMENTS AS REQUIRED BY THE WTPA, UNDER APPLICABLE NEW YORK LAW</u>

Similarly, defendants further admit they gave no statement of any kind to plaintiffs with their weekly pay. (Rule 56.1 Statement ¶45). This too is a violation of the WTPA.

The WTPA further requires employers to include in each employee's pay statement an accounting of "gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages." 2010 N.Y. Laws ch. 564, § 3, amending N.Y. Labor Law § 195(3). Further, the WTPA allowed employees to recover, as statutory damages for violations of this wage statement requirement, $100 per work week, not to exceed $2,500. See 2010 N.Y. Laws

ch. 564 § 7, amending N.Y. Labor Law § 198(1-d). *Inclan v. New York Hospitality Grp., Inc.,* supra.

As a matter of law, as to all employees employed during the period of April 9, 2011 to February 27, 2015 during which the WTPA was in effect, defendant is liable in an amount to be determined at trial for its admitted failure to give such employees the requisite weekly wage statements as required by state law. It is undisputed that all of the plaintiffs but for Juan Salmeron (Rule 56.1 Statement ¶¶5-43) remained employed in that period. As Defendants did not provide all such employees with WTPA-compliant wage statements, plaintiffs should be granted summary judgment on the question of defendants' liability and be allowed to recover statutory damages of $100 per work week during the time of their employment after April 9, 2011, to a maximum of $2,500.

## IV. DEFENDANTS ARE LIABLE TO TIPPED WORKERS UNDER THE FLSA AND THE NYLL FOR UNPAID MINIMUM WAGES DUE TO DEFENDANTS' FAILURE TO MEET THE REQUIREMENTS FOR CLAIMING TIP CREDIT ALLOWANCES

Plaintiffs are also entitled to summary judgment on the issue of full minimum wage due to tipped workers. At all times during their employment, defendants treated plaintiffs Maggie Andres Crecencio, Guillermo Alvarez, Juana Cruz Hernandez, Leonidas Mateo, Anyeli Ovalles Hernandez, Mirna Reyes Martinez, Ramon Rosario and Omar Taveras as "tipped" employees. Rule 56.1 Statement ¶23. They also paid delivery workers as tipped employees. Rule 56.1 Statement ¶24. It is undisputed that Plaintiffs Polanco, Rosa, Grullon and de Oleo were delivery persons. Rule 56.1 Statement ¶¶15, 16, 18, 20. It is further undisputed that Amarillis Pena is a tipped worker, as all of her pay records include a tips line which is filled in. As to all such persons defendants paid them a subminimum wage ostensibly taking advantage of the tip credit.

However as established below defendants were not entitled to pay such workers $5.00 or less and are liable for the full minimum wage. Rule 56.1 Statement ¶49.

Both the FLSA and the NYLL permit an employer to pay a tipped worker a cash wage that is lower than the statutory minimum wage, provided that the cash wage and the employee's tips, taken together, are at least equivalent to the minimum wage. 29 U.S.C. §§ 203(m), 206(a)(1); 12 N.Y.C.R.R. § 146-1.3(b) (effective Jan. 1, 2011); 12 N.Y.C.R.R. § 137-1.5 (repealed effective Jan. 1, 2011);4. *Shahriar v. Smith & Wollensky Restaurant Grp.,* 659 F.3d 234, 239-40 (2d Cir. 2011). This allowance against the minimum cash wage is known as a "tip credit." However, the tip credit may not be taken by employers as a matter of right against the wages of tipped workers. Rather, tips are the property of the employee who receives them. DoL Fact Sheet #15: Tipped Employees Under the Fair Labor Standards Act (FLSA).[2] As such, in order for an employer to offset their minimum wage obligations with employee property, the notice, recordkeeping and other requirements of the tip credit are strictly construed. *Chung v. New Silver Palace Rest.,* 246 F.Supp.2d 220, 228-29 (S.D.N.Y.2002).

Defendants fail to meet the requirements of the law regarding tip credit on two separate and independent grounds under both the federal and state law.

   **a.   Defendants Are Liable To Tipped Workers For Minimum Wage Under The FLSA**

                    **i.   Defendants Are Liable To Tipped Workers For Minimum Wage Under The FLSA For Failure To Keep Records Sufficient to Ensure that At All Times Tipped Workers Received Minimum Wage Between the Tip Credit and Actual Tips Received**

                              **1.   Defendants' Lack Records of Tips from 2008-2013**

Compliance with the federal tip credit requirement is governed by 29 U.S.C. § 203(m). In

---

[2] Available at http://www.dol.gov/whd/regs/compliance/whdfs15.htm.

April 2011, the Department of Labor codified how compliance with 29 U.S.C. § 203(m) should

be interpreted. See 29 § CFR 531.59. The Rule 29 § CFR 531.59, however only codified the

Department of Labor's longstanding position on 29 USC § 203(m). [3]

> In order for the employer to claim the maximum tip credit, the employer must
> demonstrate that the employee received at least that amount in actual tips. If the
> employee received less than the maximum tip credit amount in tips, the employer is
> required to pay the balance so that the employee receives at least the minimum wage with
> the defined combination of wages and tips. The additional amount on account of tips may
> not exceed the value of the tips actually received by an employee. 29 §CFR 531.59.

Defendants admit that they did not keep any records of employee tips received from 2008

to 2013. (Rule 56.1 Statement ¶¶52-53). That is, they have no knowledge of tips actually

received in that period, though they took the tip credit in that period. (Rule 56.1 Statement ¶¶52-

53). As such they fail to meet the requirements of 29 USC § 203(m). As to delivery workers in

particular (though they are covered by the above admission), *a fortiori*, *at all times* defendants

took the tip credits against their minimum wage and at *no time* did defendants know the amount

of tips actually received in order to ensure that delivery worker plaintiffs were making the full

minimum wage between the two. (Rule 56.1 Statement ¶¶61-63). Accordingly, as to all tipped

employees, both food service workers and delivery persons, defendants cannot satisfy 29 U.S.C.

203(m)(2).

As defendants cannot satisfy the requirements of 29 U.S.C. 203(m), they were not

entitled to take any tip credit in that period. Accordingly, tipped worker plaintiffs are entitled to

summary judgment on the question of defendants' liability for the full minimum wage to tipped

employees, from 2008-2013.

---

[3] See DoL Fact Sheet, stating "The Department's tip credit regulations were updated effective May 5, 2011 to
codify the Wage and Hour Division's (WHD) longstanding position that:
"Tips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the
FLSA. The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any
reason other than that which is statutorily permitted in section 3(m): As a credit against its minimum wage
obligations to the employee, or in furtherance of a valid tip pool."

2.  <u>Defendants Are Not Entitled to Take the Tip Credit in 2014</u>
<u>and 2015 Due to Infirmity In Records</u>

In 2014, Defendants did not keep records of delivery workers' tips actually received in order to ensure that delivery worker plaintiffs were making the full minimum wage between the two. (Rule 56.1 Statement ¶¶61-63). As discussed above, this absence of records warrants summary judgment as to the delivery tipped employees in 2014.

Next, though Defendants aver that they have turned over all payroll records for the relevant period to their attorney who in turn provided them to plaintiffs' attorneys (Rule 56.1 Statement ¶46), no tip records for Burnside have been turned over. This absence of records warrants summary judgment as to the Burnside tipped employees in 2014. See *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014) ("where the nonmoving party bears the burden of proof on an issue at trial, the moving party may satisfy its burden by pointing to an absence of evidence to support an essential element of the nonmoving party's case.")

Inasmuch as defendants did maintain records of tips received by tipped workers in 2014 and beyond, those records are limited to the 183rd St location. Furthermore, there were no records of tips in in either location of the 2015 records supplied to plaintiffs on June 24, 2015.   As to 2014, defendants are not entitled to take the tip credit for 2014 to the present even with some records from 2014, due to those records' failure to reflect actual tips received, as required.

That is, defendants admit that a set standard amount was taken as a tip credit each week, even where that standard amount did not reflect the actual tips.  (Rule 56.1 Statement ¶46). This was confirmed by Rafael Liberato in his deposition. (Rule 56.1 Statement ¶59). Such testimony was elicited in a conversation Rafael Liberato had with plaintiff Maggie Andres Crencencio on a Sunday where Maggie questioned Lucy Gomez, who was giving out the pay envelopes, with Rafael present, about why she always had to sign a document which said she made $350, when

she only received $200 in her envelope and she did not make $150 in tips. Rafael Liberato went

on to explain that the inaccurate records were made based on advice of the accountant. (Rule

56.1 Statement ¶59).

As discussed above, it is undisputed that the 2014 tip credit taken for delivery workers,

Burnside food service workers, and also 183rd St. food service workers, was not based on actual

tips received.  (Rule 56.1 Statement ¶¶55-64).  Accordingly, defendants have satisfied their

burden under 29 U.S.C. § 203(m)  to receive the tip credit in 2014 as to any tipped workers and

plaintiffs are entitled to summary judgment on defendants' liability for the full minimum wage

due to tipped workers in 2014 for failure to keep and use records as required.[4]

ii.  Defendants Are Liable To Tipped Workers For Minimum Wage
Under The FLSA On the Independent Ground of Lack of Requisite
Notice

Section 29 U.S.C. § 203(m) further requires employers to inform the employee of the 'tip

credit' provision of the FLSA in order to take the tip credit. 29 U.S.C. § 203(m). The

prerequisites of employer eligibility for the FLSA's tip credit, including notice, "are strictly

construed, and must be satisfied even if the employee received tips at least equivalent to the

minimum wage." *Chung* at 229. See also, *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F.Supp.2d

253. "If an employer cannot show that it has informed employees that tips are being credited

against their wages, then no tip credit can be taken and the employer is liable for the employer is

liable for full minimum wage." *Perez v. G & P Auto Wash Inc., 930 F.Supp.2d 423, 435* (quoting

*Reich v.  Robert, Inc.,* 28 F.3d 401, 403 (3d Cir.1994)). As courts have noted, "[i]f the penalty

for omitting notice appears harsh, it is also true that notice is not difficult for the employer to

provide." *Id at 288* (quoting *Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1322-23 (1st

---

[4] The requirement for taking the tip credit is to ensure that the tip plus the tipped wage at least equals the minimum wage. It does not matter if the company writes down the tips but then fails to fulfill its responsibility under the wage and hour laws to ensure that each week a worker receives at least minimum wage.

Cir.1992).

Under the FLSA, an employer may not claim a tip credit as to an employee's wages unless the employer has informed that employee of the provisions of the section of the FLSA permitting the tip credit. 29 U.S.C. § 203(m); see, e.g., *Copantitla v. Fiskardo Estiatorio, Inc.*, supra; *Chung v. New Silver Palace Rest., Inc.*, supra. "This notice provision is strictly construed and normally requires that an employer take affirmative steps to inform affected employees of the employer's intent to claim the tip credit." *Perez v. Lorraine Enters., Inc.*, 769 F.3d 23, 27 (1st Cir. 2014); see, e.g., *Kilgore v. Outback Steakhouse of Fla., Inc.*, 160 F.3d 294, 298 (6th Cir. 1998); *Reich v. Chez Robert, Inc.*, 28 F.3d 401, 404 (3d Cir. 1994); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 934 (S.D.N.Y. 2013); *Lanzetta v. Florio's Enters., Inc.*, 763 F. Supp. 2d 615, 623 (S.D.N.Y. 2011). The employer "bear[s] the burden of showing that [it] satisfied the FLSA's notice requirement by, for example, providing employees with a copy of § 203(m) and informing them that their tips will be used as a credit against the minimum wage as permitted by law." *He v. Home on 8th Corp.*, No. 09 Civ. 5630, 2014 U.S. Dist. LEXIS 114605, 2014 WL 3974670, at *5 (S.D.N.Y. Aug. 13, 2014) (internal quotation marks omitted); see, e.g., *Copantitla*, 788 F. Supp. 2d at 288. "If the employer cannot show that it has informed employees that tips are being credited against their wages, then no tip credit can be taken and the employer is liable for the full minimum-wage . . . ." *Chez Robert*, 28 F.3d at 403.

In 2011, the Department of Labor promulgated detailed rules of notice in 29 C.F.R. § 531.59(b) specifying that proper notice required stating "the amount of the cash wage that is to be paid to the tipped employee by the employer; the additional amount by which the wages of the tipped employee are increased on account of the tip credit claimed by the employer." 29 C.F.R. § 531.59(b).  To satisfy such notice the Southern District has held that employers must

provide employees "copy of [the relevant] provision [of the FLSA] and inform them that their tips would be used as credit against minimum wage as permitted by law." *Hart v. Rick's Cabaret Intern., Inc.*, 967 F.Supp.2d 901 at 933, S.D.N.Y., 2013 (quoting *Sung Yue Tung Corp.*, 2007 WL 313483, at *18); See also, *Flores v. Anjost Corp.*, 2012 WL 2339267 S.D.N.Y., 2012

Even prior to the promulgation of the 2011 rules, Courts of Appeals interpreted the earlier notice provision to require "at the very least notice to employees of the employer's intention to treat tips as satisfying part of the employer's minimum wage obligations." *Copantitla* at 287 (holding that the display of a generic minimum wage poster, coupled with employees' knowledge that they would be paid a salary plus tips was insufficient to meet the requirements of the credit).

That is, at all times relevant, courts required employers to inform employees of the statutory minimum wage and the employer's intention to include tip income when calculating wages actually paid for minimum-wage purposes. See, *Martin v. Tango's Rest., Inc.*, 969 F.2d 1319, 1322-23 (1st Cir.1992); See also, *Kilgore v. Outback Steakhouse of Florida, Inc.*, 160 F.3d 294, 298 (6th Cir. *288 1998); *Yu G. Ke v. Saigon Grill, Inc.*, 595 F.Supp.2d 240 S.D.N.Y.,2008.

Here defendant has admitted that no written nor detailed notice of the tip credit was ever given to tipped employees. (Rule 56.1 Statement ¶50). Defendant Liberato merely answers "Yes" to the question whether he told employers they would be tipped employees. (Rule 56.1 Statement ¶50). Yet, to assume in defendants' favor, that Defendant Liberato gave notice of the provisions of the section of the FLSA permitting the tip credit 29 U.S.C. § 203(m) would be inconsistent with the principle that on a motion for summary judgment, "where the nonmoving party bears the burden of proof on an issue at trial, the moving party may satisfy its burden by pointing to an absence of evidence to support an essential element of the nonmoving party's

case." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014) (brackets and internal quotation marks omitted). Such an absence is present here on the question of notice.

Thus, because the employer has the ultimate burden to prove compliance with the tip credit notice requirement, an employer opposing summary judgment on this issue must "do more than point to a dearth of evidence." *Lorraine Enters.*, supra. Instead, the employer must "adduce definite competent evidence showing that waiters were informed of the tip credit." *Id.* As defendants here have not done so, and cannot do so, the defendants are liable under the FLSA for plaintiffs' unpaid minimum wages without a tip credit allowance for the full period, as the notice given does not satisfy either the pre or post 2011 requirements.

      b. <u>Defendants Are Liable To Tipped Workers For Minimum Wage Under The NYLL</u>

            i. <u>Defendants Are Liable To Tipped Workers For Minimum Wage Under The NYLL For Failure To Notify Employees at the Time of Hire and Thereafter Weekly of the Tip Credit</u>

New York Labor Law Article 19, § 653 and § 656; Article 6, §199; and Article 2, § 21(11) set forth the requirements for employers to take a tip credit against the state minimum wage. The regulations implementing the NYLL also impose notice requirements upon an employer that desires to take a tip credit. See, 12 N.Y.C.R.R. § 146-2.2 (effective Jan. 1, 2011); 12 N.Y.C.R. § 137-2.2 (repealed effective Jan. 1, 2011). In addition to notice, state laws also impose a recordkeeping burden, by requiring that an employer "establish, maintain and preserve for at least six years weekly payroll records" that show the "tip credits, if any, claimed as part of the minimum wage." 12 N.Y.C.R.R. § 146-2.1(a)(9) (effective Jan. 1, 2011); <u>accord</u> 12 N.Y.C.R.R. § 137-2.1(a)(7) (repealed effective Jan. 1, 2011). As the court explained in *Tae Kim v. Kum Gang*, 2015 U.S. Dist. LEXIS 39095, *79-80 (S.D.N.Y. Mar. 19, 2015):

The availability of a tip credit under New York law is also subject to a set of

preconditions that the employer must meet. Until January 1, 2011, the applicable regulations required the employer to provide the employee with a wage statement "with every payment . . . listing . [] . . allowances claimed as part of the minimum wage." N.Y.C.R.R. tit. 12 § 137-2.2 (former). The employer was also required to keep weekly payroll records for at least six years, "show[ing] for each employee . . . allowances . . . claimed as part of the minimum wage." Id. at § 137-2.1; see also *Copantitla,* 788 F. Supp. 2d at 290; *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 254-55 (S.D.N.Y. 2008). Starting in January 2011, the credit may be taken only if the employee receives enough tips so that his total pay equals or exceeds the unreduced minimum wage (now $7.25 per hour) *and* [italics added] "if the employee has been notified of the tip credit as required in section 146-2.2". N.Y.C.R.R. tit. 12 § 146-1.3.49. The notice required by sections 146-2.2 and 146-2.3 involves written notice at the time of hiring, both in English and in the hiree's principal language, specifying the pay rate and any tip credit, as well as a wage statement with every payment, listing "hours worked, rates paid, gross wages, credits claimed (for tips, meals and lodging), if any, deductions and net wages". N.Y.C.R.R. tit. 12 §§ 146-2.2 & 146-2.3). [*Tae Kim v. Kum Gang*, 2015 U.S. Dist. LEXIS 39095, *79-80 (S.D.N.Y. Mar. 19, 2015)]

At all times then, New York state law required some form of written statements to employees in order for employers to take a tip credit. Defendants admit that they did not present any written statements to any tipped employee when they received their pay. (Rule 56.1 Statement ¶¶45, 50). This failure to provide any wage statement, let alone one including the tip credit deductions based on actual tips received, is a violation the current of N.Y.C.R.R. tit. § 146-2.3 and of the previously governing N.Y.C.R.R. tit. 12 § 137-2.2. Accordingly, defendants are not entitled to take the tip credit for any tipped workers in any relevant period and summary judgment must be granted to tipped worker plaintiffs under NYLL and the defendants are liable under the NYLL for plaintiffs' unpaid minimum wages without a tip credit allowance.

      ii.  <u>Defendants Are Liable To Tipped Workers For Minimum Wage Under The NYLL For Failure To Keep Records Sufficient to Ensure That At All Times Tipped Workers Received Minimum Wage Between the Tip Credit and Actual Tips Received</u>

As stated above with respect to the FLSA recordkeeping requirements, the absence of any records of tips maintained by defendants entitles plaintiffs to summary judgment on the tip credit

issue under state law: that is, given the lack of tip records from 2008-2013; the lack of tip records for delivery workers at all times; the lack of tip records for Burnside tipped workers in 2014; and the failure of 2014 183rd St location tip records to reflect actual tips received. *See also Copantitla*, 788 F. Supp. 2d at 290; *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 254-55 (S.D.N.Y. 2008) for NYLL recordkeeping requirements in order to take the tip credit.

V. PLAINTIFFS ARE ENTITLED TO LIQUIDATED DAMAGES UNDER FEDERAL AND STATE LAW

a. Plaintiffs Are Entitled To Liquidated Damages Under The FLSA

"Under the FLSA, a district court is generally required to award a plaintiff liquidated damages equal in amount to actual damages" for violations of the FLSA's minimum wage and overtime provisions. *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (citing 29 U.S.C. § 216(b)). Liquidated damages are presumed in every FLSA overtime case. However, a district court has "discretion to deny liquidated damages where the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Barfield*, 537 F.3d at 150 (quoting 29 U.S.C. § 260). "The employer bears the burden of proving good faith and reasonableness, [and] the burden is a difficult one, with double damages being the norm and single damages the exception." *Herman v. RSR Sec. Services Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999) (citing *Reich v. S. New Eng. Telcomms. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997)). "To establish good faith, the employer must take active steps to ascertain the dictates of the FLSA and then act to comply with them." *See Brock v. Wilamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) ("The defense requires plain and substantial evidence of at least an honest intention to ascertain what the [FLSA] requires and to comply with it.").

Even if Defendants have pleaded good faith in their Answer to the Third Amended Complaint, they have adduced no evidence admissible at trial, or made any showing of good faith sufficient to create a material question of fact on motion for summary judgment as to the question of liquidated damages. As defendant bears the burden of proof with regard to this affirmative defense, in the absence of any evidence of such good faith, plaintiffs are entitled to summary judgment. *Crawford*, supra. 758 F3d at 478. Further, not only is such a showing not present, is not possible in this case, since, as noted, defendant has admitted through his agent Rafael Liberato that his records of tips received were not true records but falsified. (Rule 56.1 Statement ¶60). Given this admission of falsification of employment records, defendants cannot claim that they believed their pay practices comport with the statute as to the tip credit and were in good faith. Further, defendant has run a cash business for over a decade and has kept no records of tips disbursed, issued no wage stubs or statements and no records of tips received. (Rule 56.1 Statement ¶¶49-53). Nonetheless, he has taken the tip credit. (Rule 56.1 Statement ¶54). Even if defendants could establish subjective good faith, defendants would clearly be unable to establish objectively reasonable grounds for thinking that their practices comported with the FLSA's requirements. Accordingly, as defendants cannot carry their burden, plaintiffs are entitled to the full amount of liquidated damages available under the FLSA and an award of summary judgment consistent with such finding.

b. <u>Defendant Is Liable For Liquidated Damages Based On NYLL Violations</u>

Like the FLSA, the NYLL provides for liquidated damages in addition to actual damages. See N.Y. Labor Law §§ 198(1-a), 663(1). The New York legislature has amended the liquidated damages provision twice in recent years, both times making it easier for employees to claim

liquidated damages. See, *Ryan v. Kellogg Partners Inst. Servs.*, 19 N.Y.3d 1, 10 n.8, 968 N.E.2d 947, 945 N.Y.S.2d 593 (2012).

Prior to November 24, 2009, an employee would be entitled to an additional twenty-five (25%) percent liquidated damages under the NYLL only if the employee could prove "that the employer's failure to pay the wage required by [article 6 of the NYLL] was willful." N.Y. Labor Law § 198(1-a) (version effective prior to Nov. 23, 2009); see also N.Y. Labor Law § 663(1) (version [30] effective prior to Nov. 23, 2009). At such time, the meaning of willfulness under the NYLL's liquidated damages provision was considered to be the same as willfulness under the FLSA's statute of limitations provision. See, *Kuebel v. Black & Decker Inc.*, 643 F.3d 352, 366 (2d Cir. 2011); *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 937 (S.D.N.Y. 2013); *Moon v. Kwon*, 248 F. Supp. 2d 201, 235 (S.D.N.Y. 2002).

The NYLL's liquidated damages provision was reformed in 2009 to more closely resemble the FLSA's provision. Beginning on November 24, 2009, an employee would be presumptively entitled to liquidated damages "unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law." 2009 N.Y. Laws ch. 372 § 1, amending N.Y. Labor Law § 198(1-a); See also, 2009 N.Y. Laws ch. 372 § 3, amending N.Y. Labor Law § 663(1). On April 9, 2011, the WTPA further aligned the NYLL's liquidated damages provision with that of the FLSA by increasing the amount of liquidated damages to one hundred (100%) percent. See 2010 N.Y. Laws ch. 564 §§ 7, 16. The statutory text of the liquidated damages provisions of the present NYLL is not identical to that of the FLSA. Compare N.Y. Labor Law §§ 198(1-a), 663(1), with 29 U.S.C. § 260. However, courts have not substantively distinguished the federal standard from the current state standard of good faith.

See, e.g., *He v. Home on 8th Corp.*, No. 09 Civ. 5630, 2014 U.S. Dist. LEXIS 114605, 2014 WL 3974670, at *7 n.19 (S.D.N.Y. Aug. 13, 2014); *Eschmann v. White Plains Crane Serv.*, No. 11 Civ. 5881, 2014 U.S. Dist. LEXIS 38580, 2014 WL 1224247, at *9 (E.D.N.Y. Mar. 24, 2014). As the same arguments applicable to the FLSA award of liquidated damages are applicable under the NYLL, defendants should be found liable for liquidated damages based on NYLL violations beginning in 2008 and plaintiffs should be awarded summary judgment as to such damages under state law.

## **CONCLUSION**

For the foregoing reasons, plaintiffs respectfully request that this Court issue an Order granting them partial summary judgment against defendants with respect to these matters herein.

Dated: New York, New York
      June 26, 2015

                  Respectfully submitted

                  LAW OFFICES OF JEANNE E. MIRER, PLLC

                  By:_____
                    Jeanne E. Mirer
                  Attorneys for Plaintiffs
                  1700 Broadway, 21st Flr.
                  New York, NY 10019-5905
                  Phone: 212-231-2235
                  Fax: 212-765-8954
                  jeanne@jmirerlaw.com