# SETTLEMENT AGREEMENT

**WHEREAS**, Oscar Ramirez, Javier Guerrero, Geronimo Herculano, Pablo Rutilio Maggie Andres Crecencio, Guillermo Alvarez, Juana Cruz Hernandez, Leonidas Mateo, Anyeli Ovalles Hernandez, Mirna Reyes Martinez, Ramon Rosario, Omar Taveras, Luis Espinal, Juan Salmeron, Erasmo Diaz, Julio Rodriguez, Jacinto Polanco, Raul Guillen Rosa, Jose Daniel Ramos, Victoriana de Oleo, Francisca Pena, and Simon Grullon (together "Plaintiffs") filed and joined civil actions against M.L. Restaurant Corp, M.L. San Jose Enterprises Corp., and Manuel Antonio Liberato, jointly and severally, (together "Defendants") in the U. S. District Court for the Southern District of New York (the "District Court") in consolidated case numbers, cases 14-CV-4030 (VEC) and 13-CV-7249 (VEC) (the "Civil Actions");

**WHEREAS**, Manuel Antonio Liberato, M.L. Restaurant Corp, M.L. San Jose Enterprises Corp. d/b/a Liberato Restaurant, Nelson Gomez, Sarah Vallejo and Ramirez Betances filed Civil Case No. 15-cv-326 against Pablo Rutilio, Maggie Andres Crecencio, The Laundry Workers Center United, Virgilio Oscar Aran, Rosanna Rodriguez Aran, Mahoma Lopez and Oscar Ramirez (together "RICO Defendants") (hereafter the "RICO Action");

**WHEREAS**, Manuel Antonio Liberato, M.L. Restaurant Corp, M.L. San Jose Enterprises Corp. d/b/a Liberato Restaurant, Nelson Gomez and Sarah Vallejo filed a case with Index No. and 652130/2014 against The Laundry Workers Center United, Virgilio Oscar Aran, Rosanna Rodriguez Aran, Mahoma Lopez (hereafter the "Defamation Action") and The Laundry Workers Center United, Virgilio Oscar Aran, Rosanna Rodriguez Aran, Mahoma Lopez filed a case with Index No. 155768/ 2015 (hereafter the "Damages and Fees Action") ;

**WHEREAS**, Plaintiffs, Defendants, RICO Defendants (together the "Parties") reached agreement on the material terms of a settlement of the Civil Action at a settlement conference

1

presided over by District Court Judge Valerie E. Caproni on September 30, 2015 and October 6, 2015;

**WHEREAS**, at the October 6, 2015 settlement conference, the Parties agreed to execute a written settlement agreement that would memorialize the terms of the settlement; and

**WHEREAS** on September 30, 2015 the National Labor Relations Board (NLRB) issued Complaint on the claims of Oscar Ramirez, Pablo Rutilio, Maggie Andres Crecencio, Geronimo Herculano, Javier Guerrero, and Erasmo Diaz (the NLRB Complainants), Case Numbers: 02-CA-13083; 02-CA-135195; 02-CA-137469; 02-CA-138859; 02-CA-144475; 02-CA-145367; and 02-CA-154870 (the NLRB Complaints); and

**WHEREAS**, it is agreed that nothing herein shall be deemed an admission of guilt or liability by any party with respect to any of the allegations in the Civil Action, the RICO Action, Defamation Action or the Damages and Fees Action; and,

**WHEREAS**, the Parties desire, through this settlement agreement (the "Agreement"), to fully settle and resolve any and all claims brought by Plaintiffs in the Civil Action, the RICO Action and the Defamation Actions including but not limited to, their claims for attorneys' fees and costs pursuant to the Fair Labor Standards Act ("FLSA") and/or New York Labor Law ("NYLL"), and/or the Racketeering Influence and Corrupt Organizations Act ("RICO"), and/or any common law defamation claims and any other law or statute;

**NOW, THEREFORE,** the parties agree as follows:

1.    Effective Date of this Agreement.  This Agreement is effective upon Defendants' counsels' receipt of this Agreement executed by all of the Plaintiffs (the "Effective Date")..

2.    Payment to Plaintiffs and Plaintiffs' Attorneys.

(a)     Defendants shall pay the total sum of one million dollars and zero cents ($1,000,000.00) (the "Total Settlement Amount") to Plaintiffs (the "Plaintiffs' Settlement Amount") as set forth below in paragraphs 2(b)- 2(e).  All payments shall be made to Plaintiffs' attorneys, Mirer Mazzocchi Schalet & Julien, PLLC ("MMSJ") for distribution to all plaintiffs and to plaintiffs' co-counsel The Law Office of Robert L. Kraselnik, PLLC.

(b)     Defendants shall pay seventy-five thousand dollars and zero cents ($75,000.00) of the Total Settlement Amount (the "Initial Payment") on the Effective Date.  The Initial Payment shall be made via certified or cashier's check.

The NLRB Complainants shall be paid their back pay pursuant to the schedule set forth in Exhibit A.

(c)     Defendants shall pay Plaintiffs and their attorneys fifty thousand dollars and zero cents ($50,000.00) of the Total Settlement Amount (the "Second Payment") on the Effective Date.  The Second Payment shall be made via certified or cashier's check.

(d)     Defendants shall pay Plaintiffs and their attorneys seventy-five thousand dollars and zero cents ($75,000.00) of the Total Settlement Amount (the "Third Payment") on or before the March 31, 2016.  The Third Payment shall be made via certified or cashier's check.

(e) Defendants shall pay the remaining eight hundred thousand dollars and zero cents ($800,000.00) of the Total Settlement Amount, in sixty-four (64) consecutive monthly payments (the "Monthly Payments") and such payments shall cease when the Total Settlement Amount has been paid in full.  The Monthly Payments shall each be twelve thousand five hundred dollars and zero cents ($12,500.00) and Defendants shall pay the Monthly Payments on or before the 1st of each month, beginning on May 1, 2016.  The Monthly Payments shall be made via certified or cashier's check.

## 3. Remedies For Late Payment or Breach

If Defendants fail to pay on the dates for payments set forth above and/or by the first of the month for each of the monthly payments of $12,500, Defendants shall have ten (10) days to make the outstanding payment without incurring a late payment penalty of 15% of the outstanding payment (the "Grace Period") or breaching the agreement. Where Defendants fail to make the outstanding payment on or before the tenth-day, they shall incur a late payment penalty of 15% of the outstanding payment (the "Late Payment Penalty") and shall be subject to Notice of Material Breach of this agreement. Plaintiffs shall provide written Notice to Defendants that they are in Breach of this Agreement, and Defendants shall have ten (10) days from the date of such Notice to cure such breach ("Cure Period"). If Defendants fail to cure the breach within such ten (10) day period, all unpaid portions of the Total Settlement Amount, shall be accelerated and become immediately due and payable to Plaintiffs and Plaintiffs' counsel. Plaintiffs shall be entitled to pursue any and all remedies available at law or in equity for breach of this Agreement, including the re-opening of the Civil Action for the purpose of enforcing this Agreement..

3.     Plaintiffs' Lien on Defendant Manuel Antonio Liberato's New Jersey Real Property

(a)     Defendant Manuel Antonio Liberato represents and warrants that he is the sole owner of certain real property in Bergen County, New Jersey, having an address of 200 Old Palisade Road, Apt. 9b, Fort Lee, New Jersey 07024, along with Parking Space No. 173 in River Ridge Condominium and known in the land records as Block No. 3302, Lot No. 2.02 C009B, in

4

the Borough of Fort Lee, New Jersey (the "New Jersey Real Property"). Defendant Liberato warrants and represents, to the best of his knowledge, that (i) there are no encumbrances or liens on the New Jersey Real Property other than the liens described in and imposed by the following: (1) _a mortgage in favor of Oritani Savings Bank with has an office located at 370 Pascack Road, Township of Washington, New Jersey 07676 executed and recorded in the land records on January 25, 2008 as Doc. No. C664-9B/SRB.

(b)     Defendant Liberato shall deliver a mortgage on the New Jersey Real Property to the Plaintiffs' counsel, for the purpose of effecting a lien securing payment of the Total Settlement Amount. On the Effective Date, Defendant Liberato shall execute and deliver the mortgage attached hereto as Exhibit B (the "Mortgage") to the attorneys. Plaintiffs shall be entitled to immediately record the Mortgage and shall pay all recording charges, subject to reimbursement of such charges from Defendants in the event of a breach of this Agreement by Defendants, pursuant to Paragraph (c) below. Defendant Liberato further agrees that he will cooperate in securing the mortgage lien by executing any further documents that may be required to effectuate the mortgage lien.

(c)     Defendant Liberato shall not take any action or make any omission to interfere with Plaintiffs' ability to perfect and maintain a mortgage lien on the New Jersey Real Property, and shall not further encumber the New Jersey Real Property prior to the perfection of such lien without first satisfying such lien. If the New Jersey Real Property is foreclosed upon, transferred or sold prior to full payment of the Total Settlement Amount, all unpaid amounts due under this Agreement shall be accelerated and become due immediately. Plaintiffs shall be entitled to recover all unpaid amounts due under this Agreement in any foreclosure proceeding or other transaction effecting the sale or transfer, in part or in whole, of the New Jersey Real Property.

(d)     There shall be a partial acceleration of amounts owed to plaintiffs under this Agreement equal to the net proceeds due to defendants from the sale of any real property owned directly or indirectly by defendants occurring during the term of this Agreement until the Total Settlement Amount is paid in full.

(e)     Upon execution of this Agreement, Plaintiffs shall execute a satisfaction of mortgage in duplicate and deposit both original copies with the Mirer, Mazzocchi, Schalet & Julian, PLLC law firm c/o Jeanne Mirer, Esq., to be held in escrow. Plaintiffs' attorney shall release from escrow the original satisfactions of mortgage upon Defendants' full payment of the Total Settlement Amount. Within five (5) days following Defendants' full payment of the Total Settlement Amount, Plaintiffs' attorney shall (1) return any original satisfaction of mortgage to Defendants' counsel; and, (2) return any originals of the Mortgage and the Affidavits (defined below) to Defendants' counsel.

4.     Affidavits of Confession of Judgment.

On the Effective Date, Defendants shall each provide Plaintiffs with an executed Affidavit of Confession of Judgment in the form annexed hereto as Exhibit C in the amount of one million dollars and zero cents ($1,000,000.00.00) less any amounts that have been paid pursuant to this Agreement (the "Affidavits"). Further, in the event of a default, the term of the Confession of Judgment shall be 10 years. In accordance with CPLR §3218(b), three years after the effective date of this Agreement, , Defendants shall each provide Plaintiffs with an additional executed Affidavit of Confession of Judgment in the form annexed hereto as Exhibit C in the amount of one million dollars and zero cents ($1,000,000.00.00) less any amounts that have been paid pursuant to this Agreement (the "Affidavits") .

The one million dollars and zero cents ($1,000,000.00) consists of the Total Settlement Amount. Plaintiffs' attorneys shall hold the Affidavits in escrow, and may file said Affidavits if, and only if, Defendants breach this Agreement, and, following notice of such breach, fail to cure the breach within the time provided by this Agreement to do so. It is hereby agreed and acknowledged by and between the parties that Defendants are providing the Affidavits and the Mortgage set forth in paragraph 4 solely to secure their payment obligations under this Agreement and in no event shall Plaintiffs recover more than the amounts specified in this Agreement under either the Affidavits, the Mortgage or any combination thereof.

5. Dismissal of the Civil Action.

(a) As of the Effective Date, the Parties shall execute the Stipulations of Dismissal attached hereto as Exhibits D and E, and each shall deliver to the other, an executed copy within three (3) days of the Effective Date. Plaintiffs shall file the Stipulations of Dismissal with the Appellate Division, First Department and the New York State Supreme Court within five days of the effective date upon receipt from Defendants of the Initial Payment, Defendants' provision to Plaintiffs of the Affidavits of Confession, and perfection of a mortgage lien on the New Jersey Real Property. Plaintiffs and Defendants authorize their respective counsel to execute and file any and all documentation necessary to effectuate the foregoing. 6.

Release of Claims.

(a) Subject to Defendants' payment of the Total Settlement Amount and compliance with all material terms of this Agreement, Plaintiffs, jointly and severally, forever waive, release, and fully discharge Defendants of and from any and all claims brought in the Civil Action, including but not limited to, claims for attorneys' fees and costs.

(b)     The Parties do not hereby release any rights to pursue enforcement of the terms of this Agreement.


7.     Notice and Payments

All payments shall be sent to the following attorney:

(a)     Plaintiffs' Counsel:

> Jeanne Mirer, Esq.
> Mirer, Mazzocchi, Schalet & Julian, PLLC
> 150 Broadway, Suite 1200
> New York, NY 10038
> (212) 231-2235
> jmirer@mmsjlaw.com (email).


If any notices are required, such notices shall be sent to the following attorneys:

(a)     Plaintiffs' Counsel:

> Jeanne Mirer, Esq.
> Mirer, Mazzocchi, Schalet & Julian, PLLC
> 150 Broadway, Suite 1200
> New York, NY 10038
> (212) 231-2235
> jmirer@mmsjlaw.com (email).

> and

> Robert L. Kraselnik, Esq.
> The Law Offices of Robert L. Kraselnik, PLLC
> 40-08 Case Street, 2nd Floor
> Elmhurst, NY 11373
> Tel: 646-342-2019
> Robert@kraselnik.com


(b)     Defendants' Counsel:

> Martin Restituyo

Law Offices of Martin E. Restituyo
1345 Avenue of the Americas, 2nd Floor
New York, NY 10105
restituyo@restituyolaw.com (email)

and

Argilio Rodriguez
Rodriguez Law, P.C.
Empire State Building
350 Fifth Avenue, Suite 5909
New York, NY 10118
argilio@lawrodriguez.com (email)

8.    <u>Non-Publicity</u>

This Agreement is a public document. The Parties agree, nonetheless, to not publicize

the settlement sums being paid by Defendants in connection with this settlement to any other

person, in writing or orally, except however, they may disclose such information to their

accountants or financial advisors, attorneys and/or immediate family members.

Nothing herein shall prevent any of the Plaintiffs from providing information or

testimony to the NLRB or from providing information about the facts and circumstances leading

up to their NLRB charges to any person.

9.    <u>Non-Disparagement</u>

The parties agree not to make any written or oral statements which falsely or with

reckless disregard for the truth or falsity of those statements, characterize the reputation,

competence, honesty and/or integrity of the Parties.

10.    <u>Breach of Agreement</u>

In the event of a breach of this Agreement, this matter will be brought to the attention of

Judge Caproni for her to determine if (1) a breach has been established; and, (2) if so, whether

said breach caused any damages; and, (3) what remedy if any, shall be provided to address the

violation. Any allegation of a breach does not suspend any of the duties or obligations of any of the parties pursuant to this Agreement.

11.   Obligations of the Laundry Workers Center United

The Laundry Workers Center United, through Virgilio Aran, Rosanna Rodriguez Aran, and Mahoma Lopez, agree to be bound by the provisions of Paragraphs 8 and 9. The Laundry Workers Center United, in addition to the terms in Paragraph 8 and 9, insofar as the Defendants do not engage in a breach of this Agreement or do not abide by its legal obligations in Paragraph 12, agree to not continue to engage in its corporate campaign directed against Defendants, including engaging in the following conduct: (1) flyering; (2) picketing; (3) trespassing on premises; (4) calling Defendant's private phone number or divulging Defendant's private phone number to the public; and/or (5) inducing third parties to engage in any of the above conduct.

12.   Defendants' Legal Obligations

The Defendants hereby agree that they will continue to comply with the Fair Labor Standards Act,   the New York Labor Law and the National Labor Relations Act and specifically agree to continue to do the following:

(a)   use  an electronic or mechanized time-keeping system at  both Liberato restaurants, M L RESTAURANT, CORP.,  and M.L. SAN JOSE ENTERPRISES, CORP. (the "restaurants"),  for all non-exempt employees of Defendants;

(b)   provide a wage notice to all non-exempt employees employed at the restaurants, Defendants at the restaurants , as required by New York Labor Law §195;

(c)   provide notice of the tip credit to workers at both restaurants as required by FLSA §203(m);;

(d)     pay all required overtime premium pay to non-exempt employees at the restaurants as required by the New York Labor Law and the Fair Labor Standards Act;

(e)     comply with the New York State Wage Order for the Hospitality Industry; and,

(f)     not harass, retaliate or intimate any of the employees at the restaurants for exercising their Section 7 rights as required by the National Labor Relations Act.

13.     Entire Agreement.

This Agreement, when signed by all Parties, shall constitute the entire understanding and agreement between the Parties and supersedes and cancels any and all prior oral and written agreements, if any, between them. This Agreement and its corresponding Exhibits may not be altered, amended or modified except by a further writing signed by the Parties.

14.     Validity.

If any provision, term or clause of this Agreement is declared illegal, unenforceable or ineffective in a legal forum, that provision, term or clause shall be deemed severable, such that all other provisions, terms and clauses of this Agreement shall remain valid and binding upon all of the Parties.

15.     Construction and Waiver of Jury Trial.

All matters arising under or related to this Agreement shall be governed by the laws of the State of New York. The Parties agree that any disputes concerning the enforcement or interpretation of this Agreement may be submitted to the Honorable Valerie Caproni of the District Court.

16.     Execution in Counterparts and by Facsimile.

This Agreement and any of its Exhibits may be executed in counterparts, each being deemed an original document. In addition, a facsimile or email signature contained hereon or on any of the Exhibits to this Agreement shall be deemed an original.

17.    Voluntary Execution.

By signing below, the Parties acknowledge that (a) this Agreement is executed voluntarily and that no Party is relying on any inducements, promises or representations other than as set forth in this Agreement; (b) they have been represented by an attorney in the negotiation and preparation of this Agreement; and (c) the Agreement has been explained to them by their attorney.

18.    Power of Attorney

Plaintiffs agree to provide Defendants with a Power of Attorney properly executed and filed in accordance with New Jersey law by all plaintiffs within ten (10) days granting authority to Plaintiffs' counsel, Mirer Mazzocchi Schalet & Julien, PLLC, to act on behalf of Plaintiffs with respect to the mortgage, as well as to sign and file a satisfaction of mortgage upon payment of the settlement.

By signing this Agreement, the Parties hereunder agree to and accept the provisions contained herein.

**PLAINTIFF:**

_Jacinto Polamo_

Date: _10 - 26 - 15_

**PLAINTIFF:**

_OScar_

Date: _10 - 26 - 15_

**PLAINTIFF:**

_Antro Rodriguez_

DATE: _10 - 26 - 15_

**PLAINTIFF:**

_Luis_

DATE: _10 - 26 - 15_

**PLAINTIFF:**

_Juan Salmeron_

DATE: _10 - 26 - 15_

**PLAINTIFF:**

_GERONIMO HERCULANO_

DATE: _10 - 26 / 15_

**PLAINTIFF:**

_JAVIER · Guerrero_

DATE: _10 - 26 - 15_

**PLAINTIFF:**

_Pablo Kutzlzo_

DATE: _10 / 26 / 15_

**PLAINTIFF:**

_Ivana Cruz_

DATE: _10 - 26 - 15_

**PLAINTIFF:**

_Mirna V. Reyes_

DATE: _10 - 26 - 15_

**PLAINTIFF:**

_Amyelu ovalles_

DATE: _10 - 26 - 15_

**PLAINTIFF:**

_Magdalena Andres C._

DATE: _10 - 26 - 15_

**PLAINTIFF:**

_De oleo_

DATE: 10/28/15

**PLAINTIFF:**

_[signature]_

DATE: 10/29/15

**PLAINTIFF:**

_Leonidas mateo Frias_

DATE: 11-4-15

**PLAINTIFF:**

_Francisca Peña_

DATE: 11/05/2015

**PLAINTIFF:**

_Jose Daniel Paulino_

DATE: 11/12/15

**PLAINTIFF:**

_Ramón Rosario_

DATE: 29-10-15

**PLAINTIFF:**

_Dma A Tavera_

DATE: 11/04/2015

**PLAINTIFF:**

_Guillermo a_

DATE: 11/05/15

**PLAINTIFF:**

_Raul G_

DATE: 11/11/15

**PLAINTIFF:**

_____

DATE: _____

**DEFENDANT:**

_____

Date: _____

**DEFENDANT CORPORATION:**

BY: _____

Print Name:
President

Date: _____

13

By signing this Agreement, the Parties hereunder agree to and accept the provisions contained herein.

PLAINTIFF: SIMON GRULLON    PLAINTIFF:

_Simon B Grullon_

_____

Date: 11-13-15            Date: _____

PLAINTIFF:                PLAINTIFF:

_____    _____

DATE: _____            DATE: _____

PLAINTIFF:                PLAINTIFF:

_____    _____

DATE: _____            DATE: _____

PLAINTIFF:                PLAINTIFF:

_____    _____

DATE: _____            DATE: _____

PLAINTIFF:                PLAINTIFF:

_____    _____

DATE: _____            DATE: _____

PLAINTIFF:                PLAINTIFF:

_____    _____

DATE: _____            DATE: _____

For the Laundry Workers Center:

_____
Virgilio Aran

Date: _01_/_05_/_2016_

_Rosanna Rodriguez_
Rosanna Rodriguez Aran

Date: _02_/_05_/_2016_

_____
Mahoma Lopez Garfias

Date:_____

For the Laundry Workers Center:

_____

Virgilio Aran

Date:_____

_____

Rosanna Rodriguez Aran

Date:_____

Mahoma Lopez Garnas

Date: 02/05/2016

**DATE:** _____       **DATE:** _____

**PLAINTIFF:**                  **PLAINTIFF:**

_____        _____

**DATE:** _____       **DATE:** _____

**PLAINTIFF:**                  **PLAINTIFF:**

_____        _____

**DATE:** _____       **DATE:** _____

**PLAINTIFF:**                  **PLAINTIFF:**

_____        _____

**DATE:** _____       **DATE:** _____

**PLAINTIFF:**                  **PLAINTIFF:**

_____        _____

**DATE:** _____       **DATE:** _____

**PLAINTIFF:**                  **PLAINTIFF:**

_____        _____

**DATE:** _____       **DATE:** _____

**DEFENDANT:**                  **DEFENDANT CORPORATION:** _M L RES̈T COR_

_Manuel Art Sheudt_             **BY:** _Manuel Art Sheudt_

Date: _2-07-2016_               Print Name: _MANUEL A LIbERAto_
                                President

14

Date: 2-03-2016

**DEFENDANT CORPORATION:** M L. SAN JOSE ENTERPRISEC CORP

Manuel Art Sherato

Print Name: MANUEL A Liberato
President

Date: 2 - 03 - 2016

Exhibit A – Payments to NLRB Complainants

      From the Initial Payment, the NLRB Complainants will receive their back pay as follows:  Javier Guerrero will receive $2866.00, Erasmo Diaz will receive $5544.00, Maggie Andres Crecencio will receive $2961.00, Geronimo Herculano will receive $4301.00, Pablo Rutilio will receive $7704.33, and Oscar Ramirez will receive $5172.66. The balance after costs and fees will go to FLSA and discrimination plaintiffs. Appropriate statutory deductions will be withheld from the individual payment issued to Erasmo Diaz.

      From the Second Payment, the NLRB Complainants will receive their back pay as follows:  Maggie Andres Crecencio will receive $2961.00, Geronimo Herculano will receive $4301.00, Pablo Rutilio will receive $7704.33, and Oscar Ramirez will receive $5172.66. The balance after costs and fees will go to FLSA and discrimination plaintiffs.

      From the Third Payment, the NLRB Complainants will receive their back pay as follows: Pablo Rutilio will receive $7704.33 and Oscar Ramirez will receive $5172.66. The NLRB Complainants will have been paid their full back pay with these payments.

## Exhibit B – AFFIDAVIT - CONFESSION OF JUDGMENT

Manuel Antonio Liberato, being duly sworn, deposes and says:

1.      I am an individual defendant in the matters of *13-CV-7249 and No. 14-CV-4030* cases pending in the United States District Court for the Southern District of New York (the "Federal Action").

2.      I reside at 200 Old Palisades Road, Apt. 9b, Fort Lee, New Jersey 07024.

3.      I authorize and consent to the entry of a judgment, without further notice, against me and in favor of Oscar Ramirez, Javier Guerrero, Geronimo Herculano, Pablo Rutilio Maggie Andres Crecencio, Guillermo Alvarez, Juana Cruz Hernandez, Leonidas Mateo, Anyeli Ovalles Hernandez, Mirna Reyes Martinez, Ramon Rosario, Omar Taveras, Luis Espinal, Juan Salmeron, Erasmo Diaz, Julio Rodriguez, Jacinto Polanco, Raul Guillen Rosa, Jose Daniel Ramos, Victoriana de Oleo, Francisca Pena, and Simon Grullon  (together "Plaintiffs"), in the sum of one million dollars and zero cents ($1,000,000.00), less any amounts previously paid to Plaintiffs pursuant to the terms of the settlement agreement entered into between the parties in the Federal Action (described below as the "Agreement"), to be filed in a court of competent jurisdiction in New York.  I hereby authorize Plaintiffs, their successors or assigns, to request entry of a judgment for such sum against me, and to pursue satisfaction of such judgment by any lawful means.  I authorize judgment against me for the entire sum, notwithstanding the existence of other defendants in the Federal Action, given that I am jointly and severally liable for the entire sum.

4.      This confession of judgment is for a debt due or justly to become due to Plaintiffs arising out of the following facts:

a.     Plaintiffs commenced the Federal Action against me seeking relief for, *inter alia*, alleged violations by defendants, including myself, of the Fair Labor Standards Act and New York Labor Law arising out of, *inter alia*, defendants' failure to pay lawful wages to Plaintiffs.

b.     On October 6, 2015, with the assistance of U.S. District Court Judge Valerie Caproni, the parties agreed to a resolution of the Federal Action.  Accordingly, on or about Feb. 1, 2016, the parties executed a written settlement agreement, bearing an Effective Date of Feb. 5, 2016 (the "Agreement").  I executed and am a party to the Agreement.

c.     Pursuant to the Agreement, Plaintiffs agreed to dismiss the Federal Action against me and the other defendants in exchange for payment of $1,000,000.  An initial payment of $125,000 was to be paid to Plaintiffs at the time this affidavit was executed.  The parties agreed that the remaining amount, $875,000.00, would be paid by a payment of $75,000.00 on or before March 31, 2016, followed by sixty-four (64) monthly payments (the "Monthly Payments") of $12,500.00 each.

d.     Further, pursuant to the Agreement, the parties agreed that Defendants would provide Plaintiffs with Affidavits of Confession of Judgment that can be filed and executed upon by Plaintiffs if Defendants breach the Settlement Agreement.   The parties also agreed that if Defendants breached the Agreement, Plaintiffs shall be able to recover any costs and fees paid by Plaintiffs to record a mortgage lien on Defendants' property, and have included the estimated $2,000 in costs and fees into the sum of $1,000,000.

e.     Further, pursuant to the Agreement, Defendant Manuel Antonio Liberato granted a mortgage on certain of their residential real property for the sum of $1,000,000.00 in favor of Plaintiffs' counsel: Mirer Mazzocchi Schalet & Julien  PLLC ("Plaintiffs' counsel) (the "Mortgage").

2

5.     It is hereby agreed and acknowledged by and between the parties that Defendants are providing this Affidavit and the Mortgage solely to secure their payment obligations under the Agreement and in no event shall Plaintiffs recover more than the amounts specified in the Agreement under the Affidavit, the Mortgage or any combination thereof.

*[Remainder of Page Intentionally Left Blank]*

Dated:     Bronx     , New York

2-03-2016        _Manuel Ant Sherato_

Sworn to before me this
__3__ day of __Feb__ , 2016.

_____
        Notary Public

**ARGILIO RODRIGUEZ**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02RO6236631**
**Qualified in Bronx County**
**My Commission Expires February 28, 2019**

My commission expires: Feb. 28, 2019

4

# AFFIDAVIT OF CONFESSION OF JUDGMENT

I, Manuel Antonio Liberato, being duly sworn, deposes and says:

1.      I am the sole shareholder of M L RESTAURANT, CORP., a corporate defendant in the matters of *13-CV-7249 and No. 14-CV-4030* cases pending in the United States District Court for the Southern District of New York (the "Federal Action").

2.      The company conducts business at 10 West Burnside Ave. Bronx, NY 10453.

3.      I, in my capacity as officer of M L RESTAURANT, CORP., authorize and consent to the entry of a judgment, without further notice, against M L RESTAURANT, CORP., and in favor of Oscar Ramirez, Javier Guerrero, Geronimo Herculano, Pablo Rutilio Maggie Andres Crecencio, Guillermo Alvarez, Juana Cruz Hernandez, Leonidas Mateo, Anyeli Ovalles Hernandez, Mirna Reyes Martinez, Ramon Rosario, Omar Taveras, Luis Espinal, Juan Salmeron, Erasmo Diaz, Julio Rodriguez, Jacinto Polanco, Raul Guillen Rosa, Jose Daniel Ramos, Victoriana de Oleo, Francisca Pena, and Simon Grullon  (together "Plaintiffs"), in the sum of $1,000,000.00, less any amounts previously paid to Plaintiffs pursuant to the terms of the settlement agreement entered into between the parties in the Federal Action (described below as the "Agreement").  I hereby authorize Plaintiffs, their successors or assigns, to request entry of a judgment for such sum against me, and to pursue satisfaction of such judgment by any lawful means.  I authorize judgment against me for the entire sum, notwithstanding the existence of other defendants in the Federal Action, given that I am jointly and severally liable for the entire sum.

4.      This confession of judgment is for a debt due or justly to become due to Plaintiffs arising out of the following facts:

a.      Plaintiffs commenced the Federal Action against me seeking relief for, *inter alia*, alleged violations by defendants, including myself, of the Fair Labor Standards Act and New York Labor Law arising out of, *inter alia*, defendants' failure to pay lawful wages to Plaintiffs.

b.      On October 6, 2015, with the assistance of U.S. District Court Judge Valerie Caproni, the parties agreed to a resolution of the Federal Action.  Accordingly, on or about February 1, 2015, the parties executed a written settlement agreement, bearing an Effective Date of February 1, 2015 (the "Agreement").  I executed and am a party to the Agreement.

c.      Pursuant to the Agreement, Plaintiffs agreed to dismiss the Federal Action against me and the other defendants in exchange for payment of one million dollars and zero cents ($1,000,000.00)  An initial payment of $125,000 was to be paid to Plaintiffs at the time this affidavit was executed.  The parties agreed that the remaining amount, eight hundred and seventy five thousand dollars and zero cents ($875,000.00), would be paid by a payment of seventy five thousand dollars and zero cents ($75,000.00) on or before March 31, 2016, followed by sixty-four (64) monthly payments (the "Monthly Payments") of twelve thousand five hundred dollars and zero cents ($12,500.00) each.

d.      Further, pursuant to the Agreement, the parties agreed that Defendants would provide Plaintiffs with Affidavits of Confession of Judgment that can be filed and executed upon by Plaintiffs if Defendants breach the Settlement Agreement.  The parties also agreed that if Defendants breached the Agreement, Plaintiffs shall be able to recover any costs and fees paid by Plaintiffs to record a mortgage lien on Defendants' property, and have included the estimated $2,000 in costs and fees into the sum of one million dollars and zero cents ($1,000,000.00.

e. Further, pursuant to the Agreement, Defendant Manuel Antonio Liberato granted a mortgage on certain of their residential real property for the sum of one million dollars and zero cents ($1,000,000.00) in favor of Plaintiffs (the "Mortgage").

5. It is hereby agreed and acknowledged by and between the parties that Defendants are providing this Affidavit and the Mortgage solely to secure their payment obligations under the Agreement and in no event shall Plaintiffs recover more than the amounts specified in the Agreement under the Affidavit, the Mortgage or any combination thereof.

*[Remainder of Page Intentionally Left Blank]*

Dated: <u>New York</u> , New York

<u>2 - 03 - 2016</u>

_(signature)_

Sworn to before me this
<u>3</u> day of <u>Feb</u> , 2016.

_(signature)_
Notary Public

**ARGILIO RODRIGUEZ**
**NOTARY PUBLIC-STATE OF NEW YORK**
No. 02RO6236631
Qualified in Bronx County
My Commission Expires February 28, 2019

My commission expires: <u>Feb. 28, 2019</u>

# AFFIDAVIT OF CONFESSION OF JUDGMENT

I, Manuel Antonio Liberato, being duly sworn, deposes and says:

1.     I am the sole shareholder of M.L. SAN JOSE ENTERPRISES, CORP., a corporate defendant in the matters of *13-CV-7249* and *No. 14-CV-4030* cases pending in the United States District Court for the Southern District of New York (the "Federal Action").

2.     The address of the company's principal place of business is: 1 West 183rd street Bronx, NY 10453.

3.     I, in my capacity as officer of M.L. SAN JOSE ENTERPRISES, CORP., authorize and consent to the entry of a judgment, without further notice, against M.L. SAN JOSE ENTERPRISES, CORP., and in favor of Oscar Ramirez, Javier Guerrero, Geronimo Herculano, Pablo Rutilio Maggie Andres Crecencio, Guillermo Alvarez, Juana Cruz Hernandez, Leonidas Mateo, Anyeli Ovalles Hernandez, Mirna Reyes Martinez, Ramon Rosario, Omar Taveras, Luis Espinal, Juan Salmeron, Erasmo Diaz, Julio Rodriguez, Jacinto Polanco, Raul Guillen Rosa, Jose Daniel Ramos, Victoriana de Oleo, Francisca Pena, and Simon Grullon  (together "Plaintiffs"), in the sum of $1,000,000.00, less any amounts previously paid to Plaintiffs pursuant to the terms of the settlement agreement entered into between the parties in the Federal Action (described below as the "Agreement"). I hereby authorize Plaintiffs, their successors or assigns, to request entry of a judgment for such sum against me, and to pursue satisfaction of such judgment by any lawful means. I authorize judgment against me for the entire sum, notwithstanding the existence of other defendants in the Federal Action, given that I am jointly and severally liable for the entire sum.

4.     This confession of judgment is for a debt due or justly to become due to Plaintiffs arising out of the following facts:

2

a.        Plaintiffs commenced the Federal Action against me seeking relief for, *inter alia*, alleged violations by defendants, including myself, of the Fair Labor Standards Act and New York Labor Law arising out of, *inter alia*, defendants' failure to pay lawful wages to Plaintiffs.

b.        On October 6, 2015, with the assistance of U.S. District Court Judge Valerie Caproni, the parties agreed to a resolution of the Federal Action. Accordingly, on or about Feb. 1, 2016, the parties executed a written settlement agreement, bearing an Effective Date of Feb. 1, 2016 (the "Agreement"). I executed and am a party to the Agreement.

c.        Pursuant to the Agreement, Plaintiffs agreed to dismiss the Federal Action against me and the other defendants in exchange for payment of $1,000,000. An initial payment of $125,000 was to be paid to Plaintiffs at the time this affidavit was executed. The parties agreed that the remaining amount, $875,000.00, would be paid by a payment of $75,000.00 on or before March 31, 2016, followed by sixty-four (64) monthly payments (the "Monthly Payments") of $12,500.00 each.

d.        Further, pursuant to the Agreement, the parties agreed that Defendants would provide Plaintiffs with Affidavits of Confession of Judgment that can be filed and executed upon by Plaintiffs if Defendants breach the Settlement Agreement. The parties also agreed that if Defendants breached the Agreement, Plaintiffs shall be able to recover any costs and fees paid by Plaintiffs to record a mortgage lien on Defendants' property, and have included the estimated $2,000 in costs and fees into the sum of $1,000,000.00.

e.        Further, pursuant to the Agreement, Defendant Manuel Antonio Liberato granted a mortgage on certain of their residential real property for the sum of $1,000,000.00 in favor of Plaintiffs (the "Mortgage").

5.     It is hereby agreed and acknowledged by and between the parties that Defendants are providing this Affidavit and the Mortgage solely to secure their payment obligations under the Agreement and in no event shall Plaintiffs recover more than the amounts specified in the Agreement under the Affidavit, the Mortgage or any combination thereof.

*[Remainder of Page Intentionally Left Blank]*

Dated: _Bronx_____, New York

2-03-2016

_Manuel Art Sherato_

Sworn to before me this
__3__ day of _Feb.,_ 2016.

_Ang.L. R—y_
Notary Public

My commission expires: _Feb. 28, 2019_

**ARGILIO RODRIGUEZ**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02RO6236631**
**Qualified in Bronx County**
**My Commission Expires February 28, 2019**

Exhibit C – Form of Mortgage for Defendants _____

**After Recording Return To:**

Mirer Mazzocchi Schalet & Julien, PLLC
150 Broadway, Suite 1200
New York, New York 10038
Attn: Jeanne E. Mirer

**Prepared By:**


New York, New York




_____**[Space Above This Line For Recording Data]**_____

# MORTGAGE

THIS MORTGAGE (this "Mortgage"), made as of _____ 2016, between Manuel Antonio Liberato, having an address at 200 Old Pallisade Rd., Apt., Apt. 9B, Fort Lee, New Jersey 07024 (together, the "Mortgagor"), and Oscar Ramirez, Javier Guerrero, Geronimo Herculano, Pablo Rutilio Maggie Andres Crecencio, Guillermo Alvarez, Juana Cruz Hernandez, Leonidas Mateo, Anyeli Ovalles Hernandez, Mirna Reyes Martinez, Ramon Rosario, Omar Taveras, Luis Espinal, Juan Salmeron, Erasmo Diaz, Julio Rodriguez, Jacinto Polanco, Raul Guillen Rosa, Jose Daniel Ramos, Victoriana de Oleo, Francisca Pena, and Simon Grullon, having an address c/o at Mirer Mazzocchi Schalet & Julien PLLC, 150 Broadway, Suite 1200, New York, NY 10038, together, the "Mortgagee"),

WITNESSETH, that to secure the payment of an indebtedness in the sum of ONE MILLION AND 00/100 DOLLARS ($1,000,000.00) in lawful money of the United States of America, to be paid according to a certain Settlement Agreement, dated _____ 2015, between the Mortgagor and M L RESTAURANT, CORP., M.L. SAN JOSE ENTERPRISES, CORP . on the one hand and the Mortgagee on the other hand (the "Settlement Agreement"), the Mortgagor hereby mortgages, and does hereby grant and release, to the Mortgagee, the following (all of which is collectively referred to as the "Mortgaged Property"):

1.  The property known as 200 Old Palisade Road, Apt. 9B, Fort Lee, New Jersey, 07024along with Parking Space No. 173 in River Ridge Condominium described on Exhibit 1 attached hereto and made a part hereof, including all easements and appurtenances thereto and all right, title and interest of the Mortgagor thereto (collectively, the "Premises");

2

2.     all buildings, improvements, fixtures, chattels, appliances, equipment, and articles of personal property now or hereafter attached to or used in connection with the Premises including the parking space   No. 173 in River Ridge Condominium (collectively, the "Improvements"); and

3.     all proceeds of the conversion, voluntary or involuntary, of any of the foregoing, including, without limitation, proceeds of insurance and condemnation.

TO HAVE AND TO HOLD the Mortgaged Property unto the Mortgagee forever provided that if the Mortgagor shall pay to the Mortgagee the amount secured hereby and interest thereon as provided in the Settlement Agreement and this Mortgage, the estate granted by this Mortgage shall cease and terminate.

The Mortgagor hereby covenants with the Mortgagee as follows:

1.     The Mortgagor will pay the indebtedness evidenced by the Settlement Agreement in accordance with the terms thereof.

2.     The Mortgagor will keep the Premises insured against loss by fire.

3.     The Improvements shall not be removed or demolished without the consent of the Mortgagee.

4.     The whole of the principal sum and interest on the Settlement Agreement shall become due at the option of the Mortgagee after default in the payment of any installment of principal or of interest due on the Settlement Agreement.

5.     In any action to foreclose, the holder of this Mortgage shall be entitled to the appointment of a receiver.

6.     The Mortgagor will pay all taxes, assessments or water and sewer charges affecting the Premises, and in default thereof, the Mortgagee may pay such amounts and increase the amount of this Mortgage accordingly.

7.     Notice and demand or request pursuant hereto may be in writing and may be served in person or by mail.

8.     The Mortgagor warrants title to the Premises.

9.     That in case of a foreclosure sale, said Premises, or so much thereof as may be affected by this Mortgage, may be sold in one parcel.

10.     That if any action or proceeding be commenced (except an action to foreclose this Mortgage or to collect the debt secured thereby), to which action or proceeding the Mortgagee is made a party, or in which it becomes necessary to defend or uphold the lien of this Mortgage, all sums paid by the Mortgagee for the expense of any litigation to prosecute or defend the rights

3

and lien created by this Mortgage (including reasonable counsel fees), shall be paid by the Mortgagor, and any such sum and the interest thereon shall be a lien on said Premises, prior to any right, or title to, interest in or claim upon said Premises attaching or accruing subsequent to the lien of this Mortgage, and shall be deemed to be secured by this Mortgage. In any action or proceeding to foreclose this Mortgage, or to recover or collect the debt secured thereby, the provisions of law respecting the recovering of costs, disbursements and allowances shall prevail unaffected by this covenant.

11.     This Mortgage will be construed and enforced in accordance with the laws of the State of New York without regard to principles of conflict of laws.

(a) This Mortgage is subject to the provisions of Section Thirteen of the New York Lien Law/ Section X of the New Jersey Lien Law.

(b) The provisions in this Mortgage shall be in addition to the provisions set forth in Section 254 of the New York Real Property Law/ Section x of the New Jersey Real Property Law and in the event of any inconsistency between this Mortgage and such statute, the provisions of this Mortgage shall control and supersede the inconsistent provisions of the statute. Reference is made to Section 291-f of the New York Real Property Law/ Section x of the New Jersey Real Property Law to obtain the benefits thereof.

(c) Notwithstanding anything to the contrary contained in this Mortgage, the maximum amount of principal indebtedness secured by this Mortgage or which under any contingency may be secured by this Mortgage is the amount of $1,000,000.00 plus expenses incurred in foreclosing this Mortgage in the event of Mortgagors' default under the Settlement Agreement.

12.     This Mortgage and the Settlement Agreement constitute the entire agreement of the Mortgagee and the Mortgagor and cannot be changed orally. The Mortgagee's right to pursue any right or remedy available pursuant to this Mortgage or at law shall be unaffected by any oral waiver and a waiver of any such right or remedy, to be effective, must be in writing and executed by the Mortgagee.

No delay or omission by the Mortgagee in exercising any right or power set forth herein or at law shall constitute a waiver thereof. In the event more than one party is named as the Mortgagor hereunder, the covenants of each party shall be joint and several. In the event any provision of this Mortgage shall be held to be invalid, illegal or unenforceable, such provisions shall not affect any other provision of this Mortgage and, at the option of the Mortgagee, this Mortgage shall be construed as if such provision had not been contained herein.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, this Mortgage has been executed by the undersigned the day and year first above mentioned.

_Manuel Ant Shirato_

---

## ACKNOWLEDGEMENT

STATE OF NEW YORK          )
                           )  ss.:
COUNTY OF NEW YORK         )

On the 3 day of February , in the year 2016, before me, the undersigned, personally appeared Manuel A. Liberato O , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_Argd Rhga_
Notary Public

**ARGILIO RODRIGUEZ**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02RO6236631**
**Qualified in Bronx County**
**My Commission Expires February 28, 2019**

## ACKNOWLEDGEMENT

STATE OF NEW YORK          )
                           )  ss.:
COUNTY OF NEW YORK         )

On the ___ day of _____ , in the year 2016, before me, the undersigned, personally appeared _____ , personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

## EXHIBIT 1

### Property Description

**200 Old Palisade Road, Apt. 9B, Fort Lee, New Jersey, 07024  and Parking Space No. 173 in River Ridge Condominium**

BLOCK:  3302
LOT:  2.02  c0098

STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------------x
LAUNDRY WORKERS CENTER UNITED, VIRGILIO
OSCAR ARAN, ROSANA RODRIGUEZ ARAN, and
MAHOMA LOPEZ GARFIAS,

Index No. 155768/2015

Plaintiffs,

-against-

MANUEL ANTONIO LIBERATO, M.L. RESTAURANT,
CORP., M.L. SAN JOSE ENTERPRISES, CORP., d/b/a
LIBERATO RESTAURANT, NELSON GOMEZ,
and SARAH VALLEJO,

Defendants.

----------------------------------------------------------------x

## STIPULATION OF DISMISSAL

IT IS HEREBY STIPULATED AND AGREED by and among all Plaintiffs and all

Defendants that, pursuant to the terms of a settlement agreement reached between the Plaintiffs

and the Defendants, the above captioned matter be dismissed with prejudice, with no award of

counsel fees or costs by the Court to either side.

| | |
|---|---|
| Mirer Mazzocchi Schalet & Julien, PLLC | Law Offices of Martin E. Restituyo |
| By: _____ | By: _____ |
| Jeanne E. Mirer | Martin Restituyo |
| Attorney for Plaintiffs | Attorney for Defendants |
| 150 Broadway, Suite 1200 | 1345 Avenue of the Americas, 2nd Floor |
| New York, New York 10038 | New York, NY 10105 |
| (212) 231-2235 | (212) 729-7900 |
| | |
| *Counsel for Appellees/ Article 70 Plaintiffs* | and |
| | |
| | Rodriguez Law, P.C. |

7

By: _____
Argilio Rodriguez
Attorney for Defendants
304 Park Avenue South, 11th Floor
New York, NY 10010
(212) 960-3305

*Counsel for Appellants/ Article 70*
*Defendant*

Exhibit E – Form of Stipulation of Dismissal

SUPREME COURT OF THE STATE OF NEW YORK
Apellate Division: First Judicial Department
-----------------------------------------------------------------x
MANUEL ANTONIO LIBERATO, M.L. RESTAURANT,
CORP., M.L. SAN JOSE ENTERPRISES, CORP., d/b/a
LIBERATO RESTAURANT, NELSON GOMEZ,
and SARAH VALLEJO,                                    Index No.: 652130/2014


                                  Plaintiffs,

        -against-

LAUNDRY WORKERS CENTER UNITED, VIRGILIO
OSCAR ARAN, ROSANA RÓDRIGUEZ ARAN, and
MAHOMA LOPEZ GARFIAS,

                                  Defendants.

-----------------------------------------------------------------x

## STIPULATION OF DISMISSAL

        IT IS HEREBY STIPULATED AND AGREED by and among all Appellants/Plaintiffs

and all Appellees/Defendants that, pursuant to the terms of a settlement agreement reached

between the Plaintiffs and the Defendants, the above captioned matter be dismissed with

prejudice, with no award of counsel fees or costs by the Court to either side.

Mirer Mazzocchi Schalet & Julien, PLLC          Law Offices of Martin E. Restituyo

By: _____                     By: _____
Jeanne E. Mirer                                 Martin Restituyo
Attorney for Plaintiffs                         Attorney for Defendants
150 Broadway, Suite 1200                        1345 Avenue of the Americas, 2nd Floor
New York, New York 10038                        New York, NY 10105
(212) 231-2235                                  (212) 729-7900

*Counsel for Appellees/ Article 70 Plaintiffs*   and

                                                Rodriguez Law, P.C.

By: _Argil Roby_

Argilio Rodriguez

Attorney for Defendants

304 Park Avenue South, 11th Floor

New York, NY 10010

(212) 960-3305

*Counsel for Appellants/ Article 70*
*Defendant*

SO ORDERED:

Dated:     New York, New York

                       , 2016